J. D. BRYANT V. W. O. ELLIS' ADMINISTRATOR.

Decided January 26, 1899.

**Arbitration and Award.**

An attorney had, under appointment by the court, represented a nonresident defendant as guardian ad litem,—the suit being dismissed by plaintiff without taxation of a fee for his services. The amount of the fee therefor was then fixed by arbitrators selected by himself and another defendant, who verbally agreed to pay and partly paid their award. Held, that the attorney could not recover of such latter defendant the balance of the amount so fixed,—the arbitration having settled the amount of his claim, but not the question of such defendant's liability therefor, and the latter's verbal promise to pay the debt of another being void.

APPEAL from County Court of Fort Bend. Tried below before Hon. J. S. McEACHIN.

*Kirkland & Russell,* for appellant.

*C. C. Everett,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—This suit was originally brought in the Justice Court, by J. D. Bryant against W. O. Ellis et al., for $170 claimed to be due for balance of attorney's fee in the suit of Williams, Guardian, v. Ellis et al., in the District Court.

Ellis filed a sworn account against Bryant and pleaded same as a set-off and in reconvention, to wit, $215.80 cash paid to plaintiff; to which Bryant filed a sworn plea of no consideration, and that the pretended debt set off was a gambling debt.

On the 29th day of July, 1895, the case was tried in the Justice Court and the justice rendered judgment for plaintiff Bryant for $170 and costs. Ellis appealed to the County Court. In the County Court, April 12, 1895, Bryant filed a sworn plea, again declaring that the claim of Ellis was a gambling debt and could not be legally recovered.

In the County Court, February 15, 1897, Ellis filed an amended answer, demurring to plaintiff's cause of action upon the ground that it was not shown for whom the services were rendered, and fails to show any liability against him, the defendant; also, if he promised to pay the fee of plaintiff, it was without consideration and in violation of the statute of frauds, it being a verbal promise to pay the debt of another, and was void; that in the suit in the District Court, plaintiff was appointed by the court to represent a nonresident defendant, one Sapiecha; that plaintiff did represent Sapiecha until the suit was dismissed by the plaintiff at the March term, 1895, at plaintiff's cost; that this defendant Ellis was a codefendant with Sapiecha in said suit; that plaintiff rendered no service for him in the suit and that plaintiff is entitled to no compensation as against him, and that if he is entitled to any compensation for services, the claim is against Sapiecha. That plaintiff claims that defendant verbally promised to pay him the fee for the ser-

vices to Sapiecha, which promise, not being in writing, to pay the debt of another is void and without consideration. Defendant again set up plaintiff's indebtedness to him in the sum of $215.80, which is pleaded as set-off and in reconvention.

Plaintiff filed second amended petition March 1, 1898, showing that Ellis had deceased and that E. J. Williams was the administrator of his estate and had appeared as defendant and answered. The amended petition bases the right to recover on an arbitration and award made by agreement April 10, 1895, of the matters of the amount of fee plaintiff was entitled to in the suit of Williams, Guardian, v. Ellis et al.; that P. E. Pearson and John A. Ballowe were selected as arbitrators; that they, failing to agree, called in Oscar D. Kirkland, and then the arbitrators made an award to plaintiff against W. O. Ellis of $300, which award was duly accepted by Ellis and he paid $100 thereon, and plaintiff allowed him a further credit of $30, leaving him indebted on the award to plaintiff in the sum of $170. It is alleged that Ellis did not question the award, but set up certain pretended offsets, and deposited with the chairman of the board of arbitrators $300, and instructed Pearson to hold the deposit until he should satisfy himself of the amount of the offsets due him, promising to draw in favor of plaintiff when he ascertained the amount due; that afterwards, before the filing of this suit in Justice Court, deceased gave plaintiff an order on Pearson for $100 of the deposit; that plaintiff owed him $30, which he allowed, leaving balance due him $170, for which amount he sues, with appropriate averments.

Williams, as administrator of the estate of Ellis, demurred to the original citation in Justice Court, which shows that the suit is for balance due as attorney's fees in the suit of E. J. Williams, Guardian, v. Ellis et al., No. 3771, in the District Court of Fort Bend County, because it is uncertain and does not show at whose instance the services were rendered, and shows no liability against his intestate. He demurred generally to plaintiff's pleadings in the County Court, upon the ground that they exhibited no cause of action, and specially because the suit as originally brought was for $170 for services in suit No. 3771, and the amended petition sets up a new cause of action, not contemplated in the Justice Court; that the amended pleadings in the County Court abandon the original cause of action, and now seek a recovery on an award made upon a verbal arbitration and verbal ratification thereof, thus setting up a new cause of action.

Other special exceptions were made that the agreement of Ellis to pay the alleged debt was to pay the debt of another, and contrary to the statute of frauds; that the District Court, upon hearing suit No. 3771, allowed no fee to plaintiff, and that he had exclusive jurisdiction to fix the same; that the alleged verbal agreement to arbitrate, the award, and ratification were void, and that the alleged agreement between plaintiff and defendant's intestate was against public policy and void. Defendant denied generally averments of plaintiff's pleadings,

and denies all indebtedness to plaintiff; denies that plaintiff rendered any services for which he is entitled to compensation from Ellis or the guardian; denies that Ellis entered into any contract to pay plaintiff for his services; but that, if such contract was made, it was without consideration and void, because plaintiff was appointed by the District Court in the suit then pending to represent Louis Sapiecha, a nonresident defendant; that he only represented Sapiecha until the termination of the suit at the March term, 1895, when a voluntary dismissal was taken at the instance of the plaintiff and at his cost; that about the time of the dismissal, Ellis promised Williams, plaintiff in suit No. 3771, to pay Bryant's fees for representing Sapiecha. Defendant also pleads statute of frauds, and that any promise of Ellis to pay plaintiff's fee for representing Sapiecha was contrary to public policy and void, the interests of Ellis and Sapiecha being adverse. Defendant further pleads to the jurisdiction of the court upon the ground that it can not adjudicate the matter of fee due an attorney appointed by another,—the District Court. He further sets up debt due Ellis by plaintiff for loaned money $195, and $19.80 interest; and further, that the District Court did not allow plaintiff any fee. Prayer that the award be set aside, etc.

The court, a jury being waived, rendered judgment for defendant Williams, administrator, that plaintiff take nothing by his suit, and that Williams take nothing by his cross-action, and that defendant recover all costs. Plaintiff has appealed, his motion for a new trial having been overruled.

The trial judge filed conclusions of fact and law as follows: "All jurisdictional facts being duly proven, it was further proven that on or about April 10, 1895, cause No. 3771, E. J. Williams, Guardian, plaintiff, v. W. O. Ellis, L. A. Ellis, and Louis Sapiecha, defendants, was pending in the District Court of said county; Louis Sapiecha was a nonresident of the United States, and the plaintiff in this action, J. D. Bryant, was appointed by the District Court attorney ad litem to represent Sapiecha. W. O. Ellis filed an answer, consisting of a general denial, a general demurrer, and a plea of limitations. The attorney ad litem appeared and answered for the nonresident. Each defendant claimed in his own right the land embraced in plaintiff's petition,—the former by limitations, the latter by a deed set out in the answer. The attorney ad litem asked, among other things, to have the rights of Sapiecha to the land settled and determined, to remove cloud, and quiet title. The case in the District Court was dismissed by the plaintiff and the costs were adjudged against him. No objection is shown upon the part of the attorney ad litem, and no action by the court upon his affirmative pleading was invoked. In dismissing the cause the court fixed no fee for the attorney ad litem, and no such item appears in the bill of costs. On the date above given, the District Court being in session, Mr. Bryant, the attorney ad litem, and Mr. W. O. Ellis entered into a verbal agreement to arbitrate the question of what would be a proper fee as compensation for the services of Mr. Bryant as attorney ad litem in repre-

senting the nonresident defendant under appointment by the court. It does not appear from the evidence why the attorney ad litem claimed any right to compensation from Ellis, or whether such obligation was assumed by Ellis verbally or in writing, or why the fee was not fixed by the District Court and taxed as costs. Mr. Ellis selected Judge Ballowe and Mr. Bryant selected Col. P. E. Peareson, to whom they verbally submitted the question of the amount of the fee. No authority was given these gentlemen to call in an umpire in case they failed to agree. One fixed the fee at $350, the other at $250, and not being able to agree, they called in Hon. O. D. Kirkland as umpire, agreeing to accept his figures as the award. He fixed the fee at $300, to which they both assented. When informed of their action, Mr. Ellis remonstrated, saying that Judge Ballowe should have stuck to the $250, but agreed to stand by the award and pay the amount fixed to Mr. Bryant, less several sums that Bryant owed him, saying that he would see Bryant about those matters. Ellis paid Bryant $100 in cash, but refused to pay more. Mr. Bryant credited the fee with $30 in addition to the $100 cash paid him, leaving a balance of $170. At the time of the trial Messrs. Kirkland and Bryant are the only living witnesses to the submission and award, all of which was verbal."

Conclusions of Law.—"The fee of an attorney ad litem is an item of costs, which ordinarily is fixed by the trial judge and taxed against the party cast in the suit. No liability is shown upon the part of W. O. Ellis, unless the verbal submission and award binds him to pay, or estops his denial of liability. The question submitted to arbitration was the amount of the fee to be paid by W. O. Ellis to Mr. Bryant. The question as to whether or not Ellis' promise to pay was void because not in writing is not affirmatively shown to have been submitted to or acted upon by the arbitrators. It is insisted by counsel that the court must presume that the promise by Ellis was in writing, in order to give to the award the force and effect of a judgment. But the difficulty in the way of such a presumption is the rule that an award is conclusive only upon the question submitted and acted upon. Did the proof show that the question of Ellis' liability or nonliability had been submitted and acted upon in Bryant's favor, then the presumption that the promise to pay was in writing would be authorized. By implication, it might be said that the question of Ellis' liability was in fact submitted, and that the award was against him upon that point. The submission and the award were verbal, and in bringing his suit the plaintiff undertook to prove every essential to a binding award of that character. Direct proof upon that point was within the power of the plaintiff, and should have been made by him, and the court is not authorized to supply such an omission by presumptions of any character. The effect of such presumptions, if indulged, would be to relieve the plaintiff from the burden of proof, which the law casts upon him. No court is authorized to go to such an extent, even in support of a claim which is morally binding as between man and man. Aside from the foregoing, there is an-

other reason which is at least strongly argumentative against the presumption contended for. The testimony proving the submission and award consists of the evidence of an attorney whose reputation is beyond question, who is silent upon a matter vital to the plaintiff's cause of action. The evidence not showing affirmatively that the question of Ellis' liability or nonliability was submitted to and acted upon by the arbitrators, it can not be presumed that the promise by Ellis was in writing, and the award fixing the amount of the fee does not estop him in this action to deny his liability because of the failure of the proof to show that the promise was in writing. The evidence shows a verbal submission and an award which is voidable for the reason that the arbitrators chosen were not authorized by the terms of the submission to call in an umpire. This, rendering the award only voidable, might be and was verbally ratified by Ellis. But to extend the verbal ratification any further would be violative of the principle that a void act is not susceptible of ratification. The arbitrators were expressly authorized to fix the amount of the fee. Any irregularity upon their part in exercising such authority would render their award voidable; and being merely voidable, it could be ratified. They were not authorized by the terms of the submission to decide whether Ellis was or was not liable in law for the services Mr. Bryant had rendered as the representative of the nonresident defendant; and while it is only by inference that it can be said that they did so, yet, conceding that they so decided, their action would be void, not voidable, and could not be verbally ratified."

*Opinion.*—We affirm the judgment of the court below, upon the ground that there is no testimony showing a legal promise on the part of Ellis or the administrator of his estate to pay the award; the terms of the submission being to fix the amount only, and containing no promise on the part of Ellis to pay the award, the submission being by parol agreement to fix the amount of the fee due to plaintiff for representing the nonresident defendant in the suit, no legal promise on the part of Ellis, free from the statute of frauds, is shown that would bind him to pay the award.

The award does not find any liability on the part of defendant Ellis to pay the award, and the evidence does not show that he bound himself, in a legal manner, to pay the same. The judgment of the court below is affirmed.

*Affirmed.*