TACITUS CLAY v. CHARLES J. POWER.

The husband may enjoin a third party from collecting or disposing of a note belonging to his wife, and recover possession of it, without joining her in the suit.

ERROR from Washington. Tried below before the Hon. Robert E. B. Baylor.

This was a suit by Charles J. Power against the plaintiffs in error, Tacitus Clay and Thomas Morris, to enjoin them from collecting, or in any manner disposing of a note for $1000, executed to him by Louisa M. Power, and endorsed in blank by Charles Power, which he alleged he had placed in the hands of the defendant, Clay, as his agent, &c.

The defendant, Clay, denied that he had ever been the agent of the plaintiff, for the purpose stated in the petition, or had received the note in controversy from him, or held it as his agent; and alleged that the note was the separate property of Thetis Power, the plaintiff's wife, (who was also the defendant, Clay's, daughter,) that he received it from, and held it in trust for her, and had placed it in the hands of the defendant, Morris, for collection for her; and prayed that the said Thetis Power the wife of the plaintiff, Louisa M. Power the payer of the note, and Charles Power the endorser, might be made parties to the suit.

The defendant, Morris, answered, that he received the note from the defendant, Clay, with instruction to bring suit upon it in his (Clay's) name, for the use of Thetis Power.

The court overruled the defendant's motion to dissolve the injunction; but, on motion of the plaintiff, perpetuated it, and ordered that the note should be surrendered to him; from which judgment the defendant, Clay, prosecuted his writ of error.

*Lewis & Davis*, for the plaintiff in error.

*William P. Rogers*, for the defendant in error.

ROBERTS, J.—The answer of Clay alleges the note to be the property of Power's wife. Whether it be his or his wife's, he is entitled to the possession and control of it; and therefore the judgment of the court in his favor is correct.

Judgment affirmed.