## NANCY THOMPSON ET AL. v. H. S. WILSON.

### Decided December 26, 1900.

1. **Husband and Wife—Separate Property—Implied Agreement by Husband to Pay Wife.**

   Where a husband appropriated certain property the separate estate of his wife, and afterwards conveyed other property to her in satisfaction of the alleged debt, it is not, as against creditors of the husband, necessary to the validity of the wife's title to such latter property that the husband should have agreed to pay for the property so appropriated, since such agreement may be implied, if the first transaction was not in fact a gift by the wife.

2. **Same—Wife's Separate Estate—Degree of Proof—Charge.**

   In a contest between the wife and creditors of the husband who had levied on land which was apparently community property, but which the wife claimed as her separate estate because bought with funds arising from separate property of hers used and appropriated by the husband, a charge that the jury, before they could find in her favor, must be satisfied that the land was paid for with her separate means, was error as requiring too high a degree of proof.

3. **Same—Husband's Right to Prefer Wife as a Creditor.**

   Where the husband is insolvent and the wife is one of his creditors, she stands on the same footing as his other creditors, and he has the legal right to prefer her claim, just as he has the right to prefer that of any other creditor.

APPEAL from Johnson. Tried below before Hon. WILLIAM POINDEXTER.

*J. A. Stanford* and *F. M. Ball,* for appellants.

*Plummer & Green,* for appellee.

TEMPLETON, ASSOCIATE JUSTICE.—B. M. Thompson and others were indebted to H. S. Wilson. Suit was brought on the debt in the Justice Court, and an attachment issued and levied on the land in controversy as the property of Thompson. The suit was prosecuted to judgment, and execution was issued and levied to enforce the attachment lien. This suit was brought by Thompson and his wife, Nancy, to enjoin the sale of the land on the ground that the same was the separate property of the wife, though it appeared from the deed, which was taken in the name of the wife, to be community property and subject to the levy. There was a trial by jury which resulted in a verdict and judgment in favor of Wilson, and the Thompsons have appealed.

The claim of the appellants is that Mrs. Thompson, at the time of her marriage to her present husband in 1866, owned some horses and cattle; that her husband appropriated the same and thereby became

indebted to her for the value thereof; that he used the horses and cattle in trading for other stock and for lands, finally buying the land in controversy in 1890; that in 1896 they conveyed the land to their son in consideration of six horses and notes aggregating $1200, which notes and horses were turned over to the wife by the husband in satisfaction of the debt owing by him to her; that in 1897 the son deeded the land to his mother in consideration of the surrender of the notes and the return of the horses, though the deed failed to show that such was the consideration, or that it was intended that the land should be Mrs. Thompson's separate property.

The court charged the jury, in effect, that if the husband used and appropriated property belonging to the wife and agreed to repay her the value thereof, and turned over to her the horses and notes received from their son in satisfaction of his debt to her, and that the consideration of the deed from the son to her was the surrender of the notes and the return of the horses, then the jury should find for the plaintiffs. On the other hand, the jury was instructed that if the husband used and appropriated property belonging to the wife, with her consent, but that there was no agreement on his part to repay her the value of the property so used, then they should find for the defendant. The appellants complain that these charges were erroneous for the reason that a debt would exist without a promise to repay.

A gift by the wife to the husband is recognized as valid, and is not prohibited because of the relation existing between them. 2 Story Eq. Jur., sec. 1395. Where the property donated is real estate, a conveyance by the wife directly to the husband is void. Graham v. Stuve, 76 Texas, 533. In such case, to make the gift effective, the husband must join the wife in a conveyance to a third person, and the deed of such person to the husband will convey title and consummate the gift. Riley v. Wilson, 86 Texas, 240. Where personal property is involved, no formal conveyance is required. Ballard v. Carmichael, 83 Texas, 358.

The case here presented is where the husband used the property of the wife, with her consent, but without a promise to pay her the value thereof. The charges complained of assume, as a matter of law, that in such case the transaction was intended by the wife as a gift to the husband. We are of opinion that a specific promise to repay was not necessary to create an obligation on the part of the husband to do so. It depends on the intention of the parties as to whether the transaction was a gift or an implied sale. The intention may be shown both by direct and circumstantial evidence. If any presumption arises, either in favor of a gift or of a sale, it is a presumption of fact, and is not conclusive, and a charge on such presumption is on the weight of evidence. Heldt v. Webster, 60 Texas, 207; Stooksbury v. Swan, 85 Texas, 563. In all cases, except where the intention is conclusively established, the issue as to what was the intention of the parties should be submitted to the jury to be by them determined as any other fact in the case. It follows that it was error to give the charges under consideration.

The court charged the jury that they must be satisfied that the land was paid for with the separate means of the wife before they could find a verdict in her favor. In ordinary cases a preponderance of the evidence only is required, and a charge imposing on a party the burden of producing proof sufficient to satisfy the jury is erroneous. Prather v. Wilkins, 68 Texas, 187; Bains v. Ullman, 71 Texas, 529; Wallace v. Berry, 83 Texas, 328. But where the wife seeks to trace her separate property through mutations and changes, it has been held that a higher degree of proof is required. In some cases it is said that the fact must be conclusively or indisputably established. Charges to that effect have, however, been disapproved by our Supreme Court. Torrey v. Cameron, 73 Texas, 583; Mitchell v. Mitchell, 80 Texas, 112. In the latter case the court approved a charge reading as follows: "When deeds to property are made either to the husband or wife during marriage, such property is presumed by law to be community property, which presumption has to be overcome by evidence reasonably satisfactory to the jury." A stronger statement of the rule in a charge to the jury was there held to be erroneous, hence the charge before us, which required the jury to be satisfied as to the fact, was improperly given.

If B. M. Thompson was not indebted to his wife when he turned over to her the notes and horses, and he was insolvent at the time, then the gift must be deferred to the claims of his creditors. But if he was in fact indebted to her, and the property turned over to her was no more than was reasonably sufficient to satisfy the debt, then the transaction was valid, even if he was insolvent, as she stood on the same footing as his other creditors, and he had a legal right to prefer her claim just as he might have preferred the claim of any other creditor. Ryan v. Ryan, 61 Texas, 473; Torrey v. Cameron, supra.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*