### J. E. BROUSSARD ET AL. v. D. B. LAWSON.

Decided January 7, 1911.

**1.—Injunction Bond—Insolvency of Principal—Practice.**

Where a married woman, alleging that her husband refused to join with her, sued out an injunction to restrain the sale under execution of a crop of rice planted and cultivated by her husband on rented land, claiming that the said crop was her separate property, and the creditor, defendant in the injunction suit, filed a cross bill against the plaintiff and the sureties on her injunction bond for the amount of his judgment against the husband, it was not error to refuse the prayer of the wife that her husband be made a party defendant to the creditor's cross bill; nor in afterwards permitting the creditor to dismiss his cross bill as to the wife, the plaintiff in injunction, and to prosecute it against the sureties on the injunction bond alone, it appearing without contradiction that the said plaintiff had died and her estate was totally insolvent; in such case judgment may be rendered against the sureties although no judgment is rendered against their principal.

**2.—Husband and Wife—Separate Property of Wife—Burden of Proof.**

While the burden of proof is upon a wife who claims certain property in the possession of her husband as her separate property, to prove the fact, the burden is discharged by the introduction in evidence of a promissory note from her husband to her and a subsequent bill of sale of the property from her husband to her in satisfaction of the debt evidenced by the note.

**3.—Debtor and Creditor—Right of Husband to Pay Wife.**

A husband may prefer a creditor wife as well as any other creditor, and the fact that such preference may defeat other creditors will not render the transfer or conveyance fraudulent.

**4.—Wife's Separate Property—Possession of Husband.**

The fact that a husband remains in possession and control of property which he has conveyed to his wife in satisfaction of a just debt to her, is no evidence that the conveyance was fraudulent.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*A. D. Lipscomb,* for appellants.—Sureties stand strictly on the terms of their undertaking, and where their bond is conditioned for the payment of the possible judgment against their principal, they can not be held liable in the absence of such judgment. High on Injunctions (3rd ed.), secs. 1639, 1640, 1642, 1635; 10 Am. & Eng. Enc. of Pleading and Practice, 1119.

Where one, not a party to a judgment, sues to enjoin the levy of an execution thereof on property claimed by such injunction plaintiff, there can be no recovery on the injunction bond for more than nominal damages on dissolution of the injunction where it appears that the claim of the plaintiff in injunction to the property is just. Carlin v. Hudson, 12 Texas, 202; Ferguson v. Herring, 49 Texas, 130.

A writ of injunction is properly granted and should not be dissolved where property of the wife is levied on under a judgment solely against her husband and she shows herself unable to give the bond required in the statutory action by claim affidavit and bond, and where the property is a growing crop of value ten times the amount of the judgment, and especially where the enjoined process authorizes delivery of possession to the purchaser at execution sale. 16 Am. & Eng. Enc. Law, 419.

Where one. not a party to an execution, enjoins its levy on property claimed by the plaintiff in injunction, the remedy of the plaintiff in execution for wrongful issuance of the injunction is by cross-bill or independent suit on the bond, alleging what damage be suffered by reason of the alleged wrongful issuance of injunction; and where it appears from the eidence that such property was wholly consumed in satisfying liens superior to the lien of the execution, there can be no recovery on the injunction bond. Carlin v. Hudson, 12 Texas, 202; Ferguson v. Herring, 49 Texas, 130.

It is error to render judgment against sureties alone on an injunction bond when the principal is dead, and the sureties are insisting that the legal representatives of the plaintiff be brought in as parties and given an opportunity to sustain the allegations in the bill. 15 Am. & Eng. Enc. Pleading and Practice, 576.

*J. Earl Preston,* for appellee.

REESE, Associate Justice.—D. B. Lawson, appellee, having a judgment of the County Court of Grimes County against C. M. Womack, on July 24, 1903, had an execution thereon levied by the

sheriff of Jefferson County on a crop of rice planted and growing upon 300 acres of land, which the said C. M. Womack had rented from the Beaumont Irrigation Company. The execution was returned for want of time to make the sale and a *venditioni exponas* issued under which the sheriff was ordered to make sale, and to deliver possession to the purchaser. This suit was then instituted against Lawson and the sheriff by Ottilie Womack, wife of C. M. Womack, to enjoin the sale of the property under the execution. It was alleged that the husband of plaintiff refused to join her in the suit, and she asked to be allowed to prosecute the same alone. The rice crop was alleged to be of the value of $5,000 and to be separate property of plaintiff, who further alleged that she was unable to give a claimant's bond for trial of the right of property. On October 6, 1903, a temporary injunction was granted, the plaintiff executing an injunction bond in the sum of $1,000 with J. E. Broussard and A. F. Goodhue as sureties.

The sheriff answered by general denial November 4, 1904. On January 5, 1906, Lawson filed an amended answer, containing a general demurrer and special exception to the jurisdiction of the court, on the ground that the writ of injunction should have been returned to the County Court of Grimes County. The answer also contained general denial and special denial of plaintiff's ownership of the property, with the allegations that the conveyance of the same to her by C. M. Womack, if any such was ever made, was in fraud of his creditors and especially of defendant; that upon the issuance and service of the injunction the rice crop had been turned over to said C. M. Womack and the sureties on his bond, and had been disposed of by them for their mutual benefit. With much fullness of averment it is charged that plaintiff's claim, the injunction and subsequent proceedings were the result of a fraudulent conspiracy between plaintiff and her husband to defeat the just and lawful attempt of defendant to subject the same to his said debt. There is a prayer for the dissolution of the injunction and for judgment against plaintiff and the said sureties for the amount shown to be due upon his said judgment, and for his damages and costs and general relief.

On November 15, 1907, Lawson filed a further supplemental answer alleging that since the filing of the amended answer, Ottilie Womack had died intestate and wholly and totally insolvent, leaving no estate whatever, separate or community, and that there had been no administration on her estate; that since filing the suit the said C. M. Womack had been adjudicated a bankrupt and had been regularly discharged from all his debts. Upon these facts he prayed the court to permit him to dismiss his cross-bill as to the said plaintiff and to prosecute the same against the said sureties on her injunction bond and that he have judgment against them for the amount of his original debt.

To the amended answer and cross-bill of Lawson filed January 5, 1906, Broussard and Goodhue, on March 8, 1906, filed their answer containing general demurrer and general denial, and further answering they denied specially the charge of collusion and fraud on their

part, alleging that they became sureties on Mrs. Womack's injunction bond under the belief in good faith that she was the owner of the crop of rice in question by a bona fide assignment and transfer of the same by her said husband; that the said Ottilie Womack is now out of Jefferson County and they do not know where either she or her said husband are to be found, and that both of them are wholly insolvent and unable to respond in damages in any sum whatever in this suit, and that it is necessary for the said sureties to defend the said cross-bill for their own protection. It is further alleged that the said rice crop was grown on land leased from the Beaumont Irrigation Company, and that even if the said C. M. Womack had been the owner of the same, yet the same would have been wholly valueless to any one who should have purchased the same at execution sale against him because wholly immature and requiring constant care, and a stranger to the rental contract would not have been admitted to the possession of the land. It is further alleged that the beneficial interest of the tenant, whether C. M. Womack or the said Ottilie Womack, had been entirely absorbed in payment of claims of the landlord for land rent, water rate and for advances to be used in making the crop, which amounted to more than the value of the interest of the tenant.

On March 8, 1906, the plaintiff, Ottilie Womack, filed a supplemental petition, answering the original cross-bill of defendant Lawson, alleging that she is a married woman, living with her husband, and pleading in abatement of said cross-bill the failure to make her said husband a party thereto.

The case came on for trial December 5, 1908, without a jury, and resulted in a judgment for defendant Lawson on his cross-bill against Broussard and Goodhue for the amount of his original judgment against C. M. Womack, with interest and costs. All demurrers and exceptions were overruled. Preliminary to the judgment proper, and a part thereof, is the following recital and order:

"Thereupon the plaintiff's attorney suggested the death of the plaintiff, and that her legal representatives had not been made parties. And it further being made to appear to the court that the death of plaintiff had been suggested to the court more than a year ago, and the cause continued to make parties, the defendant Lawson dismissed his cross-bill against the plaintiff, alleging the insolvency of the plaintiff's estate, and asked leave to proceed on his cross-bill against A. F. Goodhue and J. E. Broussard, the sureties on the injunction bond of the plaintiff, Ottilie Womack. It was therefore ordered by the courts that the case of Ottilie Womack against D. B. Lawson and Ras Landry be dismissed and that the cross-bill of the defendant Lawson against the plaintiff, Ottilie Womack, be dismissed, and the case proceed to trial on the cross-bill of the said D. B. Lawson against the sureties on said injunction bond, A. F. Goodhue and J. E. Broussard, to all of which the said A. F. Goodhue and J. E. Broussard excepted."

There are no conclusions of fact in the record, but from the statement of facts we make the following findings: The recovery of judgment by appellee against C. M. Womack and the issuance and levy of execution and issuance of order of sale were established as alleged.

The crop of rice levied upon was growing upon land rented by Womack from the Beaumont Irrigation Company, of which Broussard was general manager and Goodhue president. Upon the granting of the injunction Ottilie Womack executed a bond in statutory form payable to appellee in the sum of $1,000. By the terms of the rental contract the landlord was to have one-half of the crop as compensation for water furnished and rent of land. They also made advances to the tenant in money and supplies for the purpose of enabling him to plant, cultivate and gather the crop. The evidence shows that, after setting aside to the landlord his half of the crop, the one-half left for the tenant was not sufficient to pay his indebtedness to the landlord, but it is not shown that all of this indebtedness was for advances such as were covered by the statutory lien. On the contrary, the evidence would support the conclusion, which we make in deference to the judgment, that there was a sufficient amount of the tenant's half, after paying to the landlord all such indebtedness as is shown to have been made to enable the tenant to plant, cultivate and harvest the crop, to cover the amount of the judgment rendered.

On January 1, 1903, C. M. Womack executed to his wife, Mrs. Ottilie Womack, his promissory note for $6,500, reciting therein that he was indebted to her in that amount for certain items of property, her separate estate, inherited from her mother, giving the amount of each item of said property which had been appropriated and used by him.

On May 1, 1903, the said Womack executed to the said Ottilie a bill of sale for certain personal property including said crop of growing rice, and reciting therein that it was in satisfaction of the note aforesaid. The rice crop referred to in this instrument is the same now in controversy. After the execution of this bill of sale C. M. Womack remained in possession of the crop of rice, attending to the cultivation and harvesting of the same. Prior to the execution of the bill of sale C. M. Womack had an account with his landlord for supplies, and after its execution this account was kept in his name, supplies being charged to him. There was no evidence offered to impeach the note or bill of sale or to show fraud in the same, unless the facts of Womack's remaining in possession and the keeping of the accounts in his name are sufficient for that purpose. Nor was there evidence outside of the papers themselves to show the indebtedness from Womack to his wife.

Under the case as thus presented, we do not think the court erred in permitting appellee to dismiss as to Ottilie Womack and to prosecute his cross-bill against the sureties on the injunction bond. Mrs. Womack having sued, without joinder of her husband, upon the express allegation that he refused to join, it was proper to refuse her prayer that he be made a party defendant to appellee's cross-bill.

It was alleged by both appellants and appellee that Mrs. Womack was entirely insolvent. Her death had been suggested more than a year before the trial and leave granted to make her representatives parties, but no steps had been taken to have this done. In these circumstances there could have been no useful purpose served by bringing in her heirs or other representatives. Nor is this conclusion af-

fected by the terms of the injunction bond binding the sureties to pay such damages as should be adjudged against her. The first and second assignments of error presenting these questions are overruled.

The third and fifth assignments present error for which the judgment must be reversed. The burden was upon Mrs. Womack to establish the allegations of her petition with regard to the indebtedness of her husband to her, the execution of the note, and of the bill of sale. This burden was satisfied by the introduction of these instruments; and they sufficed, unless rebutted by evidence competent and sufficient for that purpose, to establish the indebtedness and the sale of the crop of rice in satisfaction thereof. The fact that Womack was indebted to appellee, and that the effect and the purpose of the transfer of the property to his wife was to pay his debt to her and thereby defeat the appropriation to the payment of other debts, does not render such transfer fraudulent. A failing creditor has an undoubted right to prefer one or more of his creditors to the exclusion of others, and upon the face of the papers this is what Womack did. Of course it would be necessary to the validity of such transfer that he really owed his wife the debt set out in the papers, and that he transferred to her no more property than was reasonably sufficient in value to satisfy the debt. Having thus, by the introduction of the note and bill of sale, made a *prima facie* case of ownership in herself of the crop of rice at the time of levy, she was entitled to have the injunction perpetuated unless the creditor rebutted this *prima facie* case by showing that the transfer was in fraud of creditors. This he could do by showing that Womack was not indebted to his wife, or that the property conveyed was greater in value than was reasonably necessary to satisfy the debt. No evidence was introduced to establish either fact. Appellee seems to rely solely upon the fact that Womack was in possession of the crop, managing the business, after the execution of the bill of sale, and so remained, and that the accounts were continued in his name. If the case were other than a sale by the husband to the wife these facts would be considered badges of fraud, which, unless explained satisfactorily, would authorize the conclusion that the transfer was simulated and fraudulent. But not so in this case. By statute it is provided that during the marriage the husband shall have the sole management of all the wife's separate property. (Rev. Stats., art. 2967; Brown v. Brown, 61 Texas, 56; Clay v. Power, 24 Texas, 304). His possession is in no wise inconsistent with her ownership, but on the contrary, is exactly what could be expected if the transfer to her were with the utmost good faith. It was both his right and duty to continue to manage the business of cultivating and harvesting the crop. Nor was it, we think, an indication of fraud that the accounts between the tenant and the landlord continued to be kept, as they had been previous to the transfer, in the name of C. M. Womack. The entire indebtedness was secured by the crop, and C. M. Womack continued to be the manager.

Our conclusion is that from the undisputed evidence Mrs. Womack must be held to have been the owner of the property levied upon. In such case it was not subject to the execution, and the appellee was not entitled to recover on his cross-bill, having suffered no damage.

The question of the right of Mrs. Womack to resort to the writ of injunction upon the grounds alleged, is not presented by the record. The trial court overruled all demurrers and exceptions and no objection is made to his ruling.

For the errors indicated the judgment will be reversed. The evidence appears to have been fully developed. The judgment should have been for appellants, which judgment is here rendered.

### ON MOTION FOR REHEARING.

The motion for rehearing filed by appellee is overruled. Upon further consideration of the record, however, we have concluded that the cause should be remanded for a new trial in accordance with the opinion herein rendered. We are inclined to think that we were in error in rendering judgment for appellants on the ground that the evidence upon the contested issues had been fully developed.

The judgment of the trial court is therefore reversed and the cause remanded.

*Reversed and remanded.*