## WHEELER et al. v. LEE et al.
### No. 3862.

Court of Civil Appeals of Texas. Amarillo. Sept. 14, 1932.

Rehearing Denied Nov. 2, 1932.

Will Crow, of Canadian, for appellants.

Sanders & Scott, of Amarillo, for appellees.

HALL, C. J.

Prior to May 4, 1931, A. F. Wheeler was indebted to Ernest Lee for goods, wares, and merchandise, and this claim was reduced to judgment on the 16th day of February, 1931, in cause No. 1947 upon the docket of the district court of Wheeler county. Lee caused a writ of attachment to be issued and levied upon a half section of land in said county. The attachment was levied on November 8, 1930. Lee's suit was based upon an indebtedness for which Mrs. Wheeler was in no way responsible and she was not made a party to the action. On April 7, 1931, order of sale was issued upon said judgment and placed in the hands of the sheriff of Wheeler county, who proceeded to execute the same by levying upon the land in controversy, advertising the same for sale on May 5, 1931.

On May 4, 1931, the appellant Mrs. Wheeler, joined pro forma by her husband, instituted this suit against Ernest Lee and John Porter, as sheriff of Wheeler county, to establish her fee-simple title to said land, to ingraft a parol trust thereon in her favor, and claiming the land as her separate property she sought to restrain the appellees by a temporary injunction from selling the land under the order of sale and prayed that the cloud upon her title be removed. She set out her chain of title, alleging that the cash payment made at the time she purchased the land, in the sum of $2,000, was derived as rents and revenues from lands which she owned individually in Harmon county, Okl., prior to the time she was married to A. F. Wheeler. That under the laws of Oklahoma the rents and revenues derived from her separate property also became a part of her separate estate, and that prior to the time she made the initial payment on the land in question she had agreed with her husband that said land would be her separate property. That at the time the attachment was levied Ernest Lee had notice of the fact that the land in question was the separate property of Mrs. Wheeler. That for the purpose of protecting her in her rights, A. F. Wheeler executed and delivered to her his three promissory notes for the sum of $1,000 each, dated November 7, 1930, and one day before the said attachment was levied upon said land, and at the same time, executed a deed of trust lien upon said land in which Raymond Holt is named as trustee for the pur-

pose of securing the payment of said promissory notes, which said deed of trust was duly filed and recorded November 7, 1930, in the office of the county clerk of Wheeler county. She further alleges that the land in question constituted the homestead upon which she resided with her husband from March 13, 1925, until January, 1927, and from December, 1929, until November 8, 1930. She prayed in the alternative that if for any reason the court should hold that she was not entitled to recover the land in controversy, then that she have judgment against A. F. Wheeler upon the three notes for $1,000 each executed and delivered by him to her prior to the levy of the attachment, and that the deed of trust lien executed and recorded the same day be foreclosed and established as a lien prior to the attachment lien claimed to exist in favor of Lee, and that her claim of separate property be established as against Lee. That the cloud upon her title caused by the attachment and judgment liens in favor of Lee be removed and that she be quieted in her title and the temporary injunction be made permanent.

On January 28, 1932, Lee filed his original answer which consisted only of a general demurrer and a general denial, praying that Myrtle Wheeler take nothing by her suit and that the defendant Ernest Lee go hence without day and recover his costs.

Mrs. Wheeler introduced in evidence deeds showing her chain of title and that the same had been duly recorded. She also introduced the writ of attachment issued on the 8th day of November, 1930, out of said cause No. 1947, in the case of Ernest Lee v. A. F. Wheeler, together with the sheriff's return thereon and the record of Wheeler county showing that the writ of attachment lien had been duly recorded in said county. She further introduced a copy of the judgment, the notice of sale published in the local paper. She then introduced the three promissory notes for $1,000 each, dated November 7, 1930, which her husband, A. F. Wheeler, had executed and delivered payable to her, together with the deed of trust executed and recorded the same day to secure said notes. Thereupon she rested her case and the defendants introduced no testimony whatever.

The court directed the jury to return a verdict for the defendant Lee against Mrs. Wheeler.

The evidence shows that each of the notes for $1,000 which A. F. Wheeler executed and delivered to her on November 7, 1930, contains this recitation: "This note given to secure individual money owing by the maker to Myrtle Wheeler."

The deed of trust contains this recital: "The three notes this day created are given for money that Mrs. Myrtle Wheeler paid in on the purchase money of the land above described, said money being her individual mon-

ey that she had at the time the said A. F. Wheeler married her, the said Myrtle Wheeler."

The transaction between Wheeler and his wife evidenced by the three notes for $1,000 each and the deed of trust was not attacked as fraudulent by either pleading or evidence. So far as this record shows the notes and the deed of trust are valid instruments.

Before a creditor may successfully attack instruments of this character, he must allege and prove that they were executed between the spouses in fraud of his rights. 20 Tex. Jur. 491, § 138.

There is no allegation made by Lee charging that A. F. Wheeler was insolvent at the time he executed the notes and deed of trust. As said in 20 Tex. Jur. 375, § 12: "A gift from a husband to his wife is not void merely from the fact that the conveyance is voluntary." And in Id., § 14, it is said: "The rule that an insolvent debtor may, in the absence of any law to the contrary, prefer one creditor over another, no more property being conveyed than is reasonably sufficient to satisfy the debt, applies as well to the preference of a creditor wife as to the preference of other classes of creditors, the property turned over to the wife being no more than is reasonably sufficient to satisfy the debt.'" See Speer's Law of Marital Rights (2d Ed.) 169, § 128. As said by the Supreme Court in Torrey v. Cameron, 73 Tex. 583, 11 S. W. 840, 842: "The same rule applies between the husband and wife as between any other persons holding to each other the relation of debtor and creditor. The amount of the credit and the value of the property must be approximately equal." See Broussard v. Lawson, 58 Tex. Civ. App. 415, 124 S. W. 712. It is further said in Id., § 25: "As to creditors the general rule is that a husband who is solvent may lawfully transfer to his wife his interest in the community property so long as the principle that one must be just before he is generous is not thereby violated."

The above-quoted recitals from the notes and the deed of trust were not admissible as evidence to establish the fact alleged that the initial payment made by Mrs. Wheeler upon the land in question constituted her separate property. Lee is a stranger to said instruments.

The rule as announced in 17 Tex. Jur. 676 is: "Ordinarily recitals are not evidence against persons not parties or privies to the instrument in which they are contained. Especially where they are mere hearsay or mere self-serving declarations."

In order to establish the fact that the $2,000 paid by Mrs. Wheeler was her separate property at that time, it was incumbent upon her to prove that she had the money prior to her marriage or that it had been received as rents from lands in Oklahoma which she owned prior to her marriage, and the further duty rested upon her to prove that under the laws of Oklahoma rents and revenues derived from real estate which was separate property were also separate property of the owner of the real estate. In the absence of such proof, the presumption is that the laws of Oklahoma were the same as in Texas, which declare such rents and revenue to be community property. 17 Tex. Jur. 297, § 84.

Because of the absence of any such proof, the issue of separate property is not in the record, nor is the issue of homestead in the case.

We have reviewed the statement of facts and find that the case before us presents only one question, and that is whether the court should have given Mrs. Wheeler a judgment upon her three notes for $1,000 each and a foreclosure of her deed of trust lien against her husband and Ernest Lee. We think it clear that the court erred in failing to do so. These instruments were not attacked as being fraudulent conveyances and upon the face of the record are valid in every particular. A husband, though insolvent, may even give his wife his interest in community property, and the gift is valid as between them and all others except creditors who attack the transaction as a fraudulent conveyance. As shown by the authorities above, if he is indebted to the wife, he may convey his interest in community property in an amount sufficient to satisfy the debt, preferring her over his other creditors, or he may, as in this case, execute a deed of trust lien upon his interest in community property to secure a debt due his wife. In the original opinion we used language which appellee has construed as a holding that the notes were a gift from Wheeler to his wife when the idea we intended to convey was that it was a payment. For that reason the original opinion is withdrawn. On the face of the record the notes and lien are valid.

It is unnecessary to consider any other questions presented.

Because the court failed to render a judgment in favor of Mrs. Wheeler upon the notes and to foreclose her deed of trust lien giving it priority over the attachment lien, the judgment is reversed and the cause is remanded.