## LANDGRAF v. MUCHOW et al.

### No. 10356.

Court of Civil Appeals of Texas.
Galveston.

Feb. 11, 1937.

E. T. Simmang, of Giddings, for appellant.

Hodde & Bouldin, of Brenham, for appellees.

GRAVES, Justice.

This statement, found upon an examination to be correct, is taken from appellant's brief:

"This suit was filed by the appellee, Emma Drews Muchow, joined by her husband, H. F. Muchow, in the district court of Washington County, Texas, against Theodore Landgraf and H. F. Landgraf.

"Plaintiff alleges, that she, as a single woman, recovered a judgment in the county court of Washington County, Texas, against H. F. Landgraf on October 26, 1932, for $524.65 and costs of suit, and that on March 15, 1933, the judgment was abstracted and recorded in the office of the county clerk of Washington County, and that thereby she acquired a lien on the lands of H. F. Landgraf, and that said judgment was unpaid. Plaintiff further alleged that on June 21, 1934, H. F. Landgraf, with the intent to hinder, delay, and defraud his creditors, did execute a deed of conveyance to all of his interest in three tracts of land in that county, approximating 125 acres. That no consideration passed between the parties, and that said conveyance was a voluntary one.

"Court convened on March 4, 1935, and thereafter on March 8, 1935, a judgment by default was rendered against H. F. Landgraf and Theodore Landgraf, cancelling the conveyance and setting same aside, upon a finding that it had been executed to hinder, delay, and defraud H. R. Landgraf's creditors. On March 20, 1935, Theodore Landgraf filed his motion for a new trial, which was overruled April 10, 1935, from which he alone appeals.

"In his motion for a new trial Theodore Landgraf alleged that on the first day of court he went to Brenham to see an attorney who had agreed to represent him and look after his case, but on the day court convened said attorney refused to represent him. Then he attempted to get in touch with Senator Albert Stone, another at-

torney, who was in attendance upon the Legislature, and while trying to get in touch with said attorney, he became ill, and on appearance day was confined to his bed with a severe attack of influenza, and so remained in bed until March 11, and during this period of time he was too ill and helpless to transact any sort of business whatsoever. That on the first day of court appellant was told that the case would be set at some undetermined date in the future six weeks of court; that as soon as he was able to be out of his bed, he went to Giddings and consulted E. T. Simmang, an attorney, requesting said attorney to represent him, and that on March 20, said attorney went to Brenham for said purpose, and, upon investigating the docket, found that the judgment by default had been entered on the 8th. That appellant had a meritorious defense and was prevented from making same through Providential hinderance and unavoidable causes, and that he was not negligent in failing to present his defense, and that on another trial a different result would probably ensue. Also that upon the trial of the cause no sufficient evidence was offered that would warrant the judgment, and that the judgment was fraudulently erroneous.

"Upon hearing said motion for a new trial, the same was overruled, and same is brought here by Theodore Landgraf alone, praying that said judgment be reversed and remanded for a trial on the merits."

■ The sole question the appeal presents is whether or not the learned trial court abused a sound discretion in refusing to set aside the default judgment so entered below, in so far as it affected the appellant, Theodore Landgraf, in accordance with the prayer in his motion for a new trial; after a careful examination of the record—inclusive of the statement of facts—this court concludes that there was such abuse; the testimony upon the motion for a new trial was wholly undisputed, being that presented in appellant's behalf by himself and by Travis Phillips, county clerk of Washington county, whereas the appellees offered in opposition nothing whatever except the citation that had been issued and served upon Theodore Landgraf and H. R. Landgraf in the suit against them upon which the default judgment had been rendered, which showed that they had each been duly served therewith on February 6 of 1935, prior to the stated entry of the default judgment against them in the cause on March 8 thereafter.

The testimony so presented in appellant's behalf without any controversion at all supported every allegation made by him in his motion for a new trial, as stated in his quoted statement supra; that is, it undisputedly detailed his pleaded efforts and diligence on, before, and after appearance day of the court term toward procuring an attorney to represent him in the cause, the reasons for his failure at that time to so procure one, together with his finally securing Mr. Simmang from an adjoining county to represent and act for him upon the hearing of his motion for a new trial; not only was that motion filed on March 20, when there were yet many weeks of that term of court ahead, but it appears to have been so filed prior to the actual entry of the default judgment against appellant herein complained of; in these circumstances, and under all the uncontroverted facts testified to by the appellant, it clearly appears, not alone that he was not guilty of any negligent fault in not having sooner answered in the cause, but, further, that the appellees could not reasonably have been prejudiced in any way by such delay; they had merely sued him and his brother for the cancellation of the deed passed between them, upon the claim that they had what they termed a "preference lien" against the land while it stood in the name of H. R. Landgraf by reason of having abstracted the money judgment they held against him prior to his conveyance of his interest therein to his brother, Theodore Landgraf, the appellant herein; they had never foreclosed that alleged lien, nor had the interest of H. R. Landgraf ever been sold out under their judgment, which was limited to the mere cancellation of the deed that passed between the Landgraf brothers, as the introductory statement recites.

Furthermore, the motion for a new trial alleged, and the uncontroverted testimony therein tended to show, that appellant did have an entirely meritorious defense to the appellees' cause of action so matured into the default judgment complained of, in that he had in good faith, through the deed of June 21 of 1934 between them, purchased his brother's interest in the land therein described for the valuable consideration of the cancellation of debts his brother then owed him, amounting to some two or three times what the interest in the land he got

**310**

was otherwise shown to be worth at that time; there was full proof of the apparent genuineness of these claims of indebtedness from H. R. Landgraf to him in canceled promissory notes, receipts of doctors, court clerks, lawyers, and others, showing the payment of the debts of H. R. Landgraf by the appellant in an aggregate far above the proven value of the land, none of which were disputed or denied, and which constituted the consideration for the deed between them; moreover, there was no proof whatever as to what H. R. Landgraf owned in either real or personal property at the time, nor any showing that he was ever insolvent or without sufficient property to pay his then existing debts, inclusive of the appellees' judgment against him.

In these circumstances it was the plain duty of the court to set the default judgment aside. Coward v. Sutfin (Tex.Civ. App.) 185 S.W. 378, 379; Scottish Union Ins. Co. v. Tomkies, 28 Tex.Civ.App. 157, 66 S.W. 1109; Dinwiddie v. Tims, 52 Tex. Civ.App. 72, 114 S.W. 400, 401; Springer v. Gillespie (Tex.Civ.App.) 56 S.W. 369; Hargrove v. Cothran (Tex.Civ.App.) 118 S.W. 177; Howard v. Emerson (Tex.Civ. App.) 59 S.W. 49.

 In addition, there was nothing shown indicative of the sole finding made by the trial court as a basis for the default judgment, that the deed between the two Landgrafs had been "executed for the purpose of hindering, delaying, and defrauding the creditors of the defendant Henry Landgraf, of which purpose the defendant, Theodore Landgraf, was fully cognizant at the time of the execution of said deed," because such a bona fide creditor as appellant thus appeared to be may purchase property even from an insolvent debtor, although he knows that the effect of such purchase will be to hinder, delay, or defeat other creditors in the collection of their claims, provided such creditor does not take more property than is reasonably sufficient to cover his own indebtedness (which appellant in this instance did not do), and the fact that such creditor knows of the existence of others at that time is not fraud per se upon his part against them, hence is no bar to the collection of his own debt. Broussard v. Lawson, 58 Tex.Civ.App. 415, 124 S.W. 712; Thompson v. Wilson, 24 Tex.Civ.App. 666, 60 S. W. 354; Awalt v. Schooler (Tex.Civ.App.) 131 S.W. 302; Lee v. Emerson, etc., Co.

(Tex.Civ.App.) 222 S.W. 283; Rogers v. Driscoll, 59 Tex.Civ.App. 415, 125 S.W. 599; Sanger v. Colbert, 84 Tex. 668, 673, 19 S.W. 863; Allen v. Carpenter, 66 Tex. 138, 139, 18 S.W. 347; R.C.L. 66–67.

It follows from the considerations stated that it was in this instance reasonably made to appear to the court that a different result would probably occur upon another trial of this cause, wherefore, in the exercise of its equitable powers, the new trial sought should have been granted.

There appear in the record to be a number of other well-taken objections to the refusal to grant the pleaded-for new trial, but discussion of them is foreborne. There is, for instance, much doubt thrown upon the appellees' contention that they had properly fastened a lien at all upon H. R. Landgraf's interest in the land through the filing of the abstract of judgment against him they declared upon—the county clerk having testified upon the trial now under review that only one execution had ever been issued upon the appellees' judgment, and that was done two months before the judgment itself had been rendered—that is, this sole execution had been issued on August 6 of 1934, whereas the date of the judgment was October 26 of 1934.

Without further discussion, the appealed-from judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.