CASE 73—PETITION ORDINARY—JAN. 27.

# Robinson v. Morgan, &c.

APPEAL FROM CLAY CIRCUIT COURT.

1. FALSE IMPRISONMENT—DE FACTO OFFICER.—A petition which al-
leges that the plaintiff was arrested by one of the defendants,
who pretended to be, and was acting as town marshal, and
taken before another defendant who was pretending to be and
was acting as judge, and was by his order taken to and confined
in jail, when in fact neither of them was such officer; and alleging
that they acted unlawfully, willfully, maliciously and without
right, does not present a cause of action for false imprisonment.

   In order to make the pleading good against such *de facto* offic-
ers, it must be alleged that they were not duly elected and quali-
fied as such officers, and were therefore without legal right, and
as usurpers holding and exercising the functions of the offices.

A. W. BAKER FOR APPELLANT.

CHIEF-JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT:

Appellant's cause of action, as stated in his petition,
is that appellees, A. L. Morgan, pretending to be and
acting as police judge, John G. White and others, pre-
tending to be and acting as trustees, and Joseph
Hacker, pretending to be and acting as marshal of the
town of Manchester, when in fact neither of them was
such officer, concerted and agreed with each other to
do so, and did unlawfully, willfully, without right and
maliciously cause appellant to be arrested and brought
by said Hacker before said Morgan, who was pretend-
ing unlawfully to act as a court, and who unlawfully,
wrongfully, maliciously and without right or author-
ity caused him by his order to be taken by Hacker and
put in jail, where he was confined four days.

Though not in terms, so stated, there is no other meaning to be given to the language of appellant's petition than that he was arrested by Hacker acting as marshal, and was taken to and confined in the jail under an order or judgment of the police court, of which A. L. Morgan was *de facto* judge, and nothing to the contrary being stated after an examination or trial in due form of law.

If it was intention of appellant to sue for malicious prosecution his petition is defective, because there is no statement contained therein that the charge upon which he was arrested, if upon any, was false or unfounded, or that the arrest was even without probable cause.

If he intended to sue for false imprisonment there was something necessary to be stated besides the general allegation that arrest and order of imprisonment were made unlawfully, maliciously and without right. After admitting, as appellant in his petition does do, that Hacker and Morgan were respectively marshal and police judge *de facto*, it was necessary for him, in order to make it appear they acted unlawfully, to further allege they were neither duly elected and qualified as such officers, and were, therefore, without legal right, and as usurpers holding and exercising functions of the two offices. As the petition does not contain a statement of facts sufficient to constitute a cause of action, the general demurrer was properly sustained.

Judgment affirmed.