TEXAS CENTRAL RAILROAD COMPANY v. ARTHUR FOX.

Decided October 13, 1900.

**Charge of Court—Cause of Injury—Burden of Proof.**

Where, in an action for injuries resulting from the breaking of a handle on a handcar, the charge of the court distinctly placed the burden of proof on the plaintiff, it was not error to refuse a charge instructing the jury to return a verdict for defendant if they could not determine what caused the handle to break.

APPEAL from Tarrant. Tried below before Hon. IRBY DUNKLIN.

*L. W. Campbell* and *Tarlton & Ayers,* for appellant.

*Wynne, McCart & Bowlin,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellee, a servant of appellant, was engaged with other servants in operating a hand car belonging to appellant when the handle broke, and he was thrown off and run over, thus sustaining severe injuries, for which he received a verdict and judgment in the sum of $3500, from which this appeal is prosecuted.

The testimony relied on by appellee tended to show, and warranted the jury in finding, that the handle which broke was decayed, and that this caused it to break, and that appellant was guilty of negligence in not discovering and remedying the defect. On the other hand the evidence relied on by appellant tended to show that the handle was sound, or at least that it had been duly inspected, and that whatever defect may have existed was latent, and not discoverable by the exercise of ordinary diligence.

The defect was unknown to appellee, and was not such as he was required to take notice of, and he was free from negligence, unless the position he took upon the car was such as a person of ordinary prudence would not have taken under the same circumstances. The evidence war-

ranted the jury in finding him free from negligence in this respect also, or at least that his position upon the car was not the proximate cause of the injury.

These issues were all correctly submitted to the jury in the charge of the court, and the special charges requested by appellant were all properly refused. Of these special charges, the fifth only need be noticed, in which appellant sought to have the jury instructed to return a verdict in its favor if they could not determine from the evidence what caused the handle to break. In Byers v. Wallace, 87 Texas, 503, it was held by our Supreme Court that a somewhat similar charge (special charge number 2) should have been given, but in that case no charge was given on the burden of proof, and this, under the peculiar features of that case, seems to have had controlling influence. In the case at bar the charge of the court distinctly placed the burden of proof on appellee, and we are of the opinion that no more was required.

Finding no error in any of the rulings complained of, we affirm the judgment.

*Affirmed.*

Writ of error refused.