### Ida Fitzgerald v. J. B. Wygal et al.

Decided November 27, 1900.

**1. Jury Trial—Right to.**

Where defendant had, at a prior term, demanded a jury and paid the jury fee, and there was a verdict in his favor, but a new trial was granted, it was error for the court, when the case was reached for trial at a subsequent term and the defendant was not present either in person or by attorney, to try the case without a jury and render judgment against defendant, since the latter had then an absolute right to a jury trial.

**2. New Trial—Absence of Counsel—Excuse.**

This cause was not set for any day, and was reached and tried in the absence of defendant and his counsel during a week of the court wherein the regular judge had exchanged with the judge of another district in order that certain cases in which the former was recused might be tried. Defendant's counsel lived in another district, and had been informed by the regular judge that during such week only cases in which he was recused would be tried, and this case was not one of them. Held, that defendant was entitled to a new trial.

**3. Same—Controverting Affidavit—Practice on Appeal.**

An affidavit controverting the facts set up in a motion for new trial can not be considered where it was not filed below, and is offered for the first time in the appellate court.

Appeal from Wharton. Tried below before Hon. J. C. Wilson.

*Love & McCord,* for appellant.

*Linn & Mitchell,* for appellees.

GILL, Associate Justice.—This action was brought by the appellee, J. B. Wygal, against the appellant, Ida Fitzgerald, for the partition of 502 acres of land. Appellant answered by general denial, and specially averred that plaintiff owned no interest in the land described in his petition, but that she owned the entire tract. Appellant by further averment attacked and sought to avoid the instruments upon which J. B. Wygal relied to establish his title. At a prior term of the court the cause, which had been duly placed upon the jury docket (the jury having been demanded and the fee paid by her), was tried, and a verdict was rendered in her favor, but on motion of plaintiff a new trial was granted, after which the cause stood for trial upon regular call as theretofore.

At the April term, 1900, the Hon. Wells Thompson, judge of the District Court of Wharton County, exchanged with the Hon. J. C. Wilson, judge of an adjoining district, and on the —— day of April, 1900, Judge Wilson called the case in its regular order for trial. On the same day one J. S. Wygal had intervened in the cause, but no notice of the intervention was served upon plaintiff, and it does not appear that leave of the court was obtained therefor. When the case was called the plaintiff and intervener announced ready. The defendant did not appear, either in person or by counsel, and the judge proceeded to try the cause in her absence and without the intervention of a jury. The re-

sult of such trial was a judgment decreeing to the intervener all the land in controversy except an undivided interest of 200 acres, which was decreed to defendant, and partition was ordered accordingly, J. B. Wygal, the original plaintiff, taking nothing by his suit.

Appellant's attorneys presented a motion for new trial, which was overruled, and the cause is here on appeal. Many assignments of error are urged but we deem it necessary to notice only two. It is insisted that the court erred in trying the cause without a jury when the defendant had performed every requirement entitling her to the right. It appears that long prior to the trial defendant had demanded a jury, paid the jury fee, and had the cause placed upon the jury docket. One jury trial had been had, in which the defendant prevailed. A party desiring a jury must make seasonable demand therefor. But this being done, the right is absolute, and the mere absence of the defendant on the day of the trial does not work a forfeiture of the right. We are of opinion that the assignment should be sustained.

By the eighth assignment appellant complains of the refusal of the trial court to grant her a new trial. In that part of the motion for new trial upon which this assignment is based, the following facts are made to appear: For the week of the court during which this cause was tried Judge Thompson, the regular judge of that district, had exchanged with Judge Wilson, to the end that certain causes in which Judge Thompson was recused might be disposed of. The appellant's attorneys did not reside in Judge Thompson's district, but were advised by him of the proposed exchange and told by him that no business would be tried that week except such cases as he, Judge Thompson, was disqualified to try. This cause had not been set for a day and was not one of Judge Thompson's recused cases. Relying upon this information appellant's attorneys did not attend court during that week, but engaged in their other affairs requiring their presence in a different part of the State. Other minor facts are made to appear which but emphasize the main reason given for the absence of appellant's counsel and need not be set out here. No controverting affidavits were filed, and as far as the record shows the trial judge overruled the motion on the theory that no good reason was given for the absence of the parties.

It seems to us that appellant and her attorneys have acted as persons of ordinary prudence would have acted under the circumstances. After an assurance from the regular judge that nothing but recused cases would be tried that week, it would be unreasonable to require attorneys interested in the business of the court, but residing elsewhere, to remain in attendance on the court to the neglect of their other business. If the facts set up in the motion are true, and as the record stands they are to be taken as true, appellant and her counsel are without fault. A good defense is averred, and to refuse her an opportunity to present it might result in grave injustice. The court erred in overruling the motion, and for this and the other error indicated above the judgment is reversed and the cause remanded. Lanius v. Shuber, 77 Texas, 24.

The attorney for appellees offered, for the first time in this court, an

affidavit controverting the facts established by the motion for new trial with its accompanying affidavits. The paper should have been filed in the court below for consideration by the trial judge, and this not having been done, it can not be treated as a part of the record here. Reversed and remanded.

*Reversed and remanded.*