M. F. Hornbuckle et al. v. John T. Luther.

Decided November 2, 1907.

**Trial—Absence of Party and Attorney—New Trial.**

Where it appeared from the averments of a motion for new trial that the defendant and his attorney were nonresidents of the county in which the suit was pending; that by the railroad schedule, they left their homes in ample time to reach the place of trial in time for the trial, but because of delays in the trains they failed to arrive until after the case was disposed of adversely to defendant, and that defendant probably had a good defense to the action, these and other facts considered, and held, the court erred in overruling the motion.

Appeal from the District Court of Bosque County. Tried below before Hon. O. L. Lockett.

*James A. Graham,* for appellants.—In support of the motion cited: Howard v. Emmerson, 59 S. W. Rep., 49; Fitzgerald v. Wygal, 59 S. W. Rep., 621; Alexander v. Smith, 49 S. W. Rep., 916.

*Simmons & Clendenen* and *Cureton & Cureton,* for appellee.

CONNER, Chief Justice.—This appeal is from a judgment perpetually enjoining the sale of certain lands in Bosque County owned by appellee and levied upon by virtue of an execution against him in favor of appellant A. G. Turner issued out of a justice's court of Wise County. The ground for the injunction is that the judgment had been paid through an attorney alleged to have represented appellant Turner. The trial was during the absence of the appellant Turner, who alone is materially interested in the controversy, the appellant Hornbuckle being the officer who levied the writ and who is not otherwise concerned.

We think the court erred as assigned in refusing to grant appellants' motion for a new trial on the grounds therein set forth. It appears that the appellant Turner had answered, among other things, specially denying the alleged payment, and any authority in the agent who it was alleged had received it, and the cause had been set for trial on September 13, 1906. It further appears in substance from the motion, which is duly verified, that appellant Turner and his counsel are both nonresidents of Bosque County; that on the day before the cause was set for trial, viz.: on September 12, they both repaired in ample time under usual circumstances to the town of Bowie, Montague County, about one hundred and thirty-eight miles from the town of Meridian in Bosque County, with the purpose of there taking a train that connected with the southbound train of the Gulf, Colorado & Sante Fe scheduled to arrive at Meridian some time during the night of September 12; that it so happened that every train due to leave Bowie for Fort Worth was late; that there was no other reasonable means of conveyance and said appellant and his attorney took the first train for Fort Worth, but arrived there

some fifteen minutes after the departure of the southbound Santa Fe; that upon inquiry of the agent of the Santa Fe they were informed that no other train would leave Fort Worth for Meridian until about 7:50 a. m. of September 13; that about six o'clock on the next morning a telegram was duly forwarded to the trial judge stating the reason of delay and that appellant and his attorney would be in Meridian on the first train. This telegram was received by the trial judge about nine a. m. September 13; Turner and his said counsel left Fort Worth on the first train about 7:50 a. m. of September 13 and reached Meridian about eleven o'clock, and by the quickest conveyance at hand reached the court house soon thereafter, when they learned for the first time that the cause had been called and tried and judgment entered, as stated. Whereupon the motion for new trial fully setting out all of the circumstances, duly verified and supported by affidavits of the various agents and railroad conductors was promptly presented to the court and overruled.

We fail to see how appellant and his attorney could have reached Meridian earlier than they did, except by starting at an unreasonable time beforehand, and it would seem that but for the unforeseen accident of the trains getting behind, they would have arrived at Meridian in ample time for the trial of the cause. The motion further set forth the facts which very strongly tend to show that the judgment and execution were in full force and effect, and the alleged authority of the agent, through whom the appellee alleged payment, was specifically denied. It is suggested in answer to the motion that there was a train leaving Fort Worth on the night of the 12th, upon which Turner and his counsel could have proceeded to Clifton or Temple and thence proceeded by a northbound train arriving in Meridian early o the morning of the 13th, but nothing in the motion cr evidence indicates that appellant or his attorney knew of this; the motion, indeed, averring that the agent at Fort Worth informed them that they could not reach Meridian on any train earlier than on the train leaving Fort Worth at about 7:50 a. m. on the 13th, that a train leaving Fort Worth later in the night of the 12th proceeded no farther than Cleburne. It is also suggested in answer that by phone or otherwise, or through appellant Hornbuckle, counsel might have been employed in time to have represented appellant Turner. The appellant Hornbuckle, however, as stated, had no material interest in the controversy and the motion shows that neither appellant nor his counsel was acquainted with any attorney in Meridian that could have been procured to represent appellant. It furthermore appears that appellant Turner was a material witness in his own behalf, and it cannot be said, in the light of his testimony as indicated in the motion for new trial, when considered together with the testimony of other witnesses whose depositions were on file and which are referred to as part of the motion for new trial, that appellee's further contention that the evidence tending to show settlement and payment as he alleges is conclusive.

On the whole, we conclude for the reasons stated that the court erred in overruling the motion for new trial, and we need not there-

fore discuss appellant's further contention that the trial was before an irregular jury. Judgment reversed and cause remanded for a new trial.

*Reversed and remanded.*