WALKER HARGROVE v. T. J. COTHRAN.

Decided February 13, 1909.

**1.—New Trial—Delay in Filing Motion.**

Although the statute provides that a motion for new trial shall be filed within two days after the rendition of judgment, the trial court has the discretion to grant a meritorious motion filed after that time.

**2.—Same—Absence of Party.**

Where a judgment was rendered against defendant during the absence of himself and counsel, motion for new trial excusing such absence on the ground of sickness, considered, and held meritorious.

Appeal from the District Court of Montague County. Tried below before Hon. Clem. B. Potter.

*Graham & Williams,* for appellant.

*W. S. Jameson* and *Jas. A. Templeton,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—From a judgment in favor of T. J. Cothran against Walker Hargrove rendered by the District Court of Montague County, the defendant has appealed. During an altercation between the defendant and John Adams, city marshal of Bowie, the defendant's pistol was discharged, the bullet therefrom wounding T. J. Cothran in the foot, and the judgment rendered was for damages for this injury. The case was tried without a jury, in the absence of defendant and his counsel, whom he had employed to represent him and who had filed an answer to the plaintiff's petition. On the third day after rendition of the judgment, defendant filed his motion for a new trial and later amended the motion. The grounds upon which the motion was based were that defendant and his counsel were both unavoidably prevented from being present at the trial by illness, and the motion alleged facts which it appeared he could prove and which constituted a meritorious defense to plaintiff's suit. The excuse given for the defendant's absence was controverted by plaintiff and the motion was overruled by the court, who filed findings of fact and conclusions of law in support of the ruling, and upon this ruling appellant has assigned error. The trial was in Montague; the defendant resided in Fort Worth at the time, while his counsel resided in Amarillo.

The court found that the absence of defendant's counsel was caused by the serious illness of one of his family, and was excusable. A further finding by the court, however, was that prior to the date set for the trial defendant had been ill, but on that day he could have been present at court, and that he did not use that care he should have used to obey the process of court. The affidavit of the defendant in support of the motion was to the effect that he was too ill to make the trip to Montague to attend court, and attached to the motion was a certificate to the same effect signed by his attending physician in Fort Worth, but plaintiff introduced evidence showing that defendant went

from Fort Worth to Weatherford the day before the trial, and this evidence was the basis of the court's finding that defendant could have been present at the trial. If defendant had reached Montague in time for the trial, after learning that his attorney would not be present, it would have been too late to employ other counsel and duly prepare for trial on the day set, and doubtless the court, after learning of the cause of the attorney's absence, would have granted a new trial.

Appellee contends that as the motion for new trial was not filed within two days after the judgment, the same should not have been considered, but this contention is overruled. While the statute provides that a motion for a new trial shall be filed within two days after rendition of the judgment, it is well settled by the decisions of our Supreme Court that the judge trying the case has the discretion to consider a motion filed after the expiration of that period, and in this instance it does not appear that this discreton was improperly exercised. (George v. Taylor, 55 Texas, 99.)

We think the court erred in overruling appellant's motion for a new trial, and for this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*