HOVEY et al. v. HALSELL–ARLEDGE
CATTLE CO.   (No. 8133.)

(Court of Civil Appeals of Texas. Ft. Worth.
May 8, 1915.)

NEW TRIAL ⬤➔86 — GROUNDS — EXCUSABLE
ABSENCE OF COUNSEL.

Counsel for defendant receivers had requested that certain cases against them be set for trial at a certain time, and, an important case in which he was engaged in another county going over to that time, attempted to reach the county judge by telephone to obtain a postponement, but was unable to do so, and then addressed letters to the attorneys for the plaintiff and to the county judge explaining the situation, and assumed that plaintiff's counsel would follow the custom of not insisting upon an ex parte trial, and, on their unwillingness to postpone the case, he requested local counsel to appear for him, which request was received too late, and when defendant, whose witnesses had not been summoned, but who would have given testimony material to the defense and tending to reduce the damages, were absent, plaintiff was given judgment. Held, that the absence of defendants' counsel was excusable, and refusal of a new trial was error.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 172–174; Dec. Dig. ⬤➔86.]

Error from Nolan County Court; John H. Cochran, Jr., Judge.

Action by the Halsell-Arledge Cattle Company against S. B. Hovey and another, receivers. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

H. S. Garrett, of San Angelo, and Douthit & Smith, of Sweetwater, for plaintiffs in error. Wilson & Wilson, of Sweetwater, for defendant in error.

DUNKLIN, J. The Halsell-Arledge Cattle Company made two shipments of cattle to Maryneal, Tex., a station on the Kansas

City, Mexico & Orient Railway. One of the shipments was from Wallace, Tex., and the other was from Eagle Lake, Tex., and both moved over the road of the Gulf, Colorado & Santa Fé Railway Company from the points of origin to Sweetwater, Tex., where they were delivered to the receivers of the Kansas City, Mexico & Orient Railway Company, and by them transported from Sweetwater to Maryneal, a distance of about 17 miles.

On August 6, 1913, the Halsell-Arledge Cattle Company instituted this suit against the receivers to recover damages for alleged injuries to the cattle resulting from alleged negligent delay in their transportation after they were delivered to the receivers, on account of which delay many of the cattle, which were already tired and jaded by reason of their long confinement in cars of the initial carrier, got down in the cars and were trampled and killed, and all of those not killed were bruised and rendered gaunt in appearance to such an extent that their market value was depreciated. The suit was tried March 3, 1914, at which time a judgment was rendered in favor of the plaintiff against the defendants for the sum of $909, with interest thereon from the date of the shipments at the rate of 6 per cent. per annum; said recovery being for the full amount claimed in plaintiff's petition. From that judgment the defendants have prosecuted this writ of error. The trial was ex parte, the plaintiff appearing and introducing its evidence, but no one appearing for the defendants.

Plaintiffs in error complain of the action of the trial court in trying the case in the absence of any attorney to represent them and in overruling their motion for a new trial, in which it was alleged, substantially, that their attorney, who had been employed to defend the suit, was unavoidably and excusably absent. Evidence was heard in support of the motion and the same appears in the transcript. It consists chiefly of the testimony of H. S. Garrett, the attorney for the defendants. This testimony covers several pages of the transcript, and we shall not attempt to set it out in full, as the salient and controlling features of it can be briefly summarized.

H. S. Garrett was the general attorney for the Kansas City, Mexico & Orient Railway Company and also for its receivers. He resided in San Angelo and had no associate counsel either there or in Sweetwater. He filed an answer in the suit August 16, 1913. He represented the defendant in another case styled E. T. Brandenburg v. Imperial Irrigation Co. pending in the district court of Pecos county, which involved interest of great importance, and a special term of court of one week was set apart for the trial of that case beginning February 23, 1914. He engaged in the trial of that suit, but the trial was not finished during the week set apart therefor, but continued over until Friday of the following week, which was March 6, 1914, three days after the date of the judgment in this suit, and by reason of being engaged in the trial of that suit he was unable to be present at the trial of the present suit.

The present suit, together with several other suits of the same character against the receivers, were pending in the county court of Nolan county at the same time. At the request of Garrett all of those cases were set down for trial for the third week of the court, the setting being made two weeks in advance. If the trial of the suit in Pecos county had been concluded at the end of the week set apart therefor, Garrett would have been present at the county court of Nolan county in time to have attended the trial of the present suit and the other cases set for that week. On Saturday evening, February 28th, upon discovering that he would be unable to finish the trial of the case in Pecos county, he attempted to get in communication with the county judge of Nolan county over the telephone for the purpose of arranging for a postponement of the trial of this and the other cases until he could return to Sweetwater, but was unable to talk to the judge on account of some trouble with the wires of the telephone company. On Sunday morning, March 1st, he addressed letters to the attorneys for the plaintiff in this case and also to the county judge explaining his inability to be present at the trial of this case. He received no replies from these letters until Tuesday afternoon, March 3d, when he received a telegram from the attorneys for the plaintiff announcing their unwillingness to continue this case. Until the receipt of that message he had assumed that under the circumstances the present suit would not be taken up for trial until the latter part of that week; such assumption on his part being based upon a custom among lawyers of the bar in Sweetwater not to insist upon an ex parte trial under such circumstances, but to pass the case over in order to enable the absent attorney to be present. Upon receipt of the telegram last mentioned, Garrett wired to Douthit & Smith, attorneys at Sweetwater, requesting them to appear in all of the cases set for trial in the county court of Nolan county for that week and to protect his clients' interests in some manner. Garrett also sent telegrams to the county judge again insisting upon a postponement of the cases on account of the fact that the trial in Pecos county had not been finished. Douthit & Smith, who were practicing attorneys residing in Sweetwater, were absent from home on Tuesday, March 3d, and did not receive Garrett's message until the following day, March 4th, too late to appear in the trial of the present suit. Prior to Garrett's trip to Ft. Stockton to attend the trial of the case

in Pecos county, he had investigated the facts pertinent to the present suit and had discovered several witnesses whose testimony he had arranged to introduce upon the trial, and whose testimony would have tended materially to controvert the plaintiff's right to a recovery, and, but for his unexpected absence at the time the case was called for trial, he would have attended that trial in the interest of the defendants and would have introduced the testimony of said witnesses. The character of the testimony which he would have introduced was detailed upon the hearing of the motion for new trial. It is unnecessary to set out the same, it being sufficient for us to say that it was material to the defense and if taken as true would, at all events, have tended to materially reduce the amount of damages claimed by the plaintiff.

The following statement by the trial judge was appended to the bill of exception containing the testimony offered in support of the motion for new trial:

"On the first day of this term of county court, Mr. H. S. Garrett, attorney for the defendants, S. B. Hovey and M. L. Mertz, requested the court to set all of the cases in which S. B. Hovey and M. L. Mertz, receivers of the Kansas City, Mexico & Orient Railway Company of Texas, were defendants, for the third week of this term, stating at the time that he made the request that if the cases could be set for the third week he would come to Sweetwater and be present on Monday morning of that week and put in the entire week in disposing of these cases. At that time, I told Mr. Garrett that the plaintiffs were going to insist on a trial of this case and the other cases mentioned, and told him to be sure and be ready for trial in all of his cases at this term. When the docket was set, I arranged the docket especially in order to give Mr. Garrett the third week of court, as he had requested. This case was set for trial Tuesday of the third week, and the court never received any intimation from Mr. Garrett that he would not be present and ready for trial until about 9 o'clock a. m. on Tuesday, the day this case was set for trial, at which time the plaintiff's witnesses were in attendance upon court, and the plaintiff ready for trial. When this case was called for trial, there had been no subpœnas issued for witnesses by the defendants, and no witnesses for the defendants were in attendance at court, and no depositions had been taken by the defendants, and no indications of any kind made that the defendants had endeavored to get ready for trial."

The persons whom Garrett expected to use as witnesses in the trial of this case were employés of the receivers, and the following is a portion of this testimony explanatory of his failure to subpœna them:

"It is not my custom, and never was my custom, to subpœna an employé of the company. We have their personal attendance at all times, and, besides, these employés do not live in this county, and I could not subpœna them. But, whether an employé is living in the county or not, we always have their personal attendance and never go to the trouble to subpœna them. I never put the courts to the trouble and expense of subpœnaing employés."

G. T. Wilson, one of the plaintiff's lawyers, testified as follows:

"With reference to the first case we tried, the Halsell-Arledge Cattle Co. Case, No. 1130, the shipment from Sweetwater, Tex., the allegations of the damage in that case are the usual allegations of damages on account of delay and holding cattle in the cars on side tracks. However, after that case was set for the third week of the court, we notified our witness accordingly, and the client, and when the time arrived they were here. The witnesses were J. S. Arledge, of the Halsell-Arledge Cattle Company. He lives at Abilene, Tex.; and Mr. Zerick and Mr. Bell, of Maryneal. As to where Maryneal is, I have always heard it called 20 miles from here. Abilene is 42 miles east of here on the Texas & Pacific. These parties were here, insisting on a trial. Mr. Arledge represented the plaintiff, being the manager of the Halsell-Arledge Cattle Company; and the very reason that we felt that it was impossible for us to agree to a continuance of the case and protect our client's interests was on account of the fact that we anticipated a sale of the road under the receivership, and we thought, in order to protect our client's interest, it was necessary to try the case before that sale, and we anticipated and believed from all reports, and from what had been stated by Mr. Garrett, the attorney for the roads, that that sale was contemplated right away."

The statements contained in the testimony of plaintiff's counsel set out above and those contained in the statements of the county judge appended to the bill of exception were uncontradicted. The same may be said of Garrett's testimony.

Defendant in error stresses the point that a special week of court was set apart to try this and other companion cases against plaintiffs in error, and that this setting was at the special instance of their attorney. We do not believe that this would make any material difference in the disposition of the assignments now under discussion, because, if the setting had been made at the court's instance, or at the instance of defendant in error, the diligence which would have been required of plaintiffs in error to prepare for trial and to be present when the cases were called would have been just the same. Nor do we believe that the absence of any motion by the plaintiffs in error to continue the case would make any difference under the circumstances detailed. We are of the opinion further that plaintiffs in error's attorney's absence from the court, under all the circumstances, was excusable as much so as if his failure to appear had been due to illness of himself or some one of his family; whether or not he was negligent being the controlling issue in each instance.

Of course, it would have worked a hardship upon plaintiff to continue the case, or to have granted a new trial, after plaintiff had incurred the expense of bringing witnesses to court, as shown in the testimony of Mr. Wilson, and perhaps under all the circumstances the court might equitably have imposed that expense upon the defendants as a condition for granting a new trial. However, such hardships are frequently necessary incidents to the best system of judicial procedure and do not furnish the sole test in determining the merits, either of a motion

to continue, or a motion for new trial. When a case upon the docket is reached on regular call for trial, either party has the legal right to insist upon trial independent of the question whether or not a postponement of the case would work any particular hardship upon him. We are of the opinion further that the failure of plaintiffs in error to subpœna their witnesses has no material bearing upon the question at issue. The showing made was that, notwithstanding the failure to subpœna the witnesses or to take their depositions, they would have been present to testify in person if Garrett had not been unexpectedly detained in Ft. Stockton. His absence from court when the case was called for trial, and not the absence of his witnesses, was the chief ground of his motion for new trial. If the witnesses had been present at the trial, their testimony would not have been available to the defendants, in the absence of some attorney to present their defenses to plaintiff's suit.

The right of a party to a reasonable opportunity to appear in court upon the trial of a case and present his side of the controversy is fundamental. Of course, if he is given that opportunity and through negligence or willful omission fails to take advantage of it, he cannot be heard to complain. But, if such failure occurs by reason of circumstances which repel any presumption of negligence and which constitute an equitable excuse for such failure, then he has not forfeited his right to his day in court. Under all the circumstances related, we believe that plaintiffs in error presented a meritorious showing for a new trial, the overruling of which was reversible error. See Howard v. Emerson, 59 S. W. 49; Harris v. Musgrave, 72 Tex. 19, 9 S. W. 90; Fitzgerald v. Wygal, 24 Tex. Civ. App. 372, 59 S. W. 621; Alexander v. Smith, 20 Tex. Civ. App. 304, 49 S. W. 916; Hargrove v. Cothran, 54 Tex. Civ. App. 5, 118 S. W. 177; Hornbuckle v. Luther, 47 Tex. Civ. App. 352, 105 S. W. 995; Goodhue v. Meyers, 58 Tex. 405; Lanius v. Shuber, 77 Tex. 24, 13 S. W. 614; Watkins v. Ahrens & Ott Mfg. Co., 38 S. W. 868.

For the reasons noted, the judgment is reversed, and the cause remanded.