MODERN WOODMEN OF AMERICA v. FLOYD. (No. 1597.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 28, 1920. Rehearing Denied March 3, 1920.)

CONTINUANCE ☞20(3)—DEFENDANT'S MOTION FOR CONTINUANCE IMPROPERLY DENIED WHERE ITS ATTORNEY HAD TO APPEAR IN CRIMINAL CASE WHEN CASE WAS SET FOR TRIAL.

Where defendant's attorney who had appeared in two previous trials was forced to trial in other actions, criminal and civil, in other courts, so that he was unable to appear, and it was shown that he requested a continuance and notified plaintiff and the trial judge of his inability to secure a postponement of the criminal action, held, that defendant should have been granted a continuance, the time being too short to engage other attorneys, and defendant's attorney being particularly familiar with the facts, regardless of fact that delay might work hardship on plaintiff.

Appeal from District Court, Garza County; W. R. Spencer, Judge.

Action by Lula Viola Floyd against the Modern Woodmen of America. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Pat M. Neff, of Waco, for appellant.
Bean & Klett and Percy Spencer, all of Lubbock, for appellee.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BOYCE, J. Lula Viola Floyd, the appellee, brought this suit against the Modern Woodmen of America, a ˙ fraternal benefit society, to recover on a certificate issued by the said society, on the life of her husband. The society answered, alleging facts which, if true, constituted a good defense. to the cause of action. The trial was had in the absence of defendant's attorney, the defendant being without representation in any way at the ·trial, and judgment rendered for the plaintiff. The one assignment on this appeal attacks the action of the court in refusing to set aside the judgment rendered on this ex parte trial.

It is shown that the defendant society has its principal office at Rock Island, Ill; that Pat M. Neff, who resided at Waco, Tex, several hundred miles from Post, in Garza county, at which place the trial was had, was the only attorney in any way representing the defendant in said cause, and that the defendant had no other attorney in Texas; that the said Neff had no law partner or associate; that the husband of the plaintiff died in 1914, and this suit was filed in 1917; that the defendant, by its said attorney Neff answered; that the said attorney attended three different terms of the court at which said case was called for trial. At one term the case was continued on application of plaintiff; at the other two terms, trials were had which resulted in a hung jury in each instance. The case was continued at one term on account of illness in the family of the said attorney Neff. The term of the court in Garza .county at which this trial was had convened on May 26, 1919, and the trial was had on May 27th. On May 21st, the said attorney wrote the district judge of the court in which the trial was to be had a letter, a carbon of which was also mailed to plaintiff's attorneys, in which he stated that he represented ⸍the defendants in two murder cases, which were set for trial in McLennan county for May 26th; that he had been unable to secure a postponement or continuance of these cases, and requested that the trial of the Garza county case be postponed until June 5th. This letter to the judge inclosed letters from the district judge and prosecuting attorney of the court in which the two criminal cases were pending. In these letters the district judge and prosecuting attorney both stated that Mr. Neff had made efforts to have said cases postponed or continued on account of his desire to be present in Garza county on May 26th, but that it was not thought advisable to grant his request for the reason that a special venire had been summoned to try said cases and many witnesses from outside counties subpœnaed to be present at the trial. On May 23d plaintiff's attorneys wired Mr. Neff that their client opposed continuance, and that other engagements prevented setting of the case for the second week. This telegram suggested a transfer of the case to Lubbock county, where district court would meet on June 9th. On May 23d Mr. Neff was forced into trial, over his protest, of a civil case in the Seventy-Fourth district court in McLennan county. On this day he answered defendant's telegram of the 23d, above referred to, and stated that he had been forced into the trial of the civil case and that the trial would extend into the next week; that he would not agree to transfer to Lubbock county, but would agree to transfer the case to any other county. To this telegram plaintiff replied that they could not consent to continuance or removal to any other county than· Lubbock, as that would delay the trial to September.

The trial of the civil case in the Seventy-Fourth district was not concluded on May 26th, when the criminal cases were called in the Fifty-Fourth district. The judge of the Fifty-Fourth district demanded the presence of Mr. Neff in his court, and, by arrangement between the county attorney and the judge of the Seventy-Fourth district, the trial of the civil case was temporarily suspended, and Mr. Neff, on order of the sheriff, reported in the Fifty-Fourth district court. The criminal cases were disposed of finally on May 27th, and the trial in the Seventy-Fourth district court resumed and was concluded on May 30th. The settings of the murder cases and the civil case in the courts of McLennan county were made without the knowledge or consent of Mr. Neff, and in accordance with the custom pursued in those courts that criminal cases were set by the prosecuting attorney, without conferring with the attorneys representing the defendants, and civil cases were likewise set by the clerk of the court in numerical order. The facts as to the proceedings in the courts of McLennan county were established by affidavit of Mr. Neff, the two judges of the courts, the district clerk, and the county attorney. The motion, in addition to setting up these facts, alleged facts showing that the defendant had a meritorious defense to the cause of action. After the entry of the judgment in this case, Mr. Neff secured an attorney at Post to file a formal motion for a new trial and later filed an amended motion, in which the facts, as we have stated them, were fully set out and verified, and which motion the court overruled.

We think the court erred in the circumstances stated in refusing the motion for a new trial. The defendant, through no apparent fault on its part, was by the proceeding deprived of the benefit of representation at the trial. It does not appear that the defendant knew anything about the failure of its attorney to attend the trial; but, even if it did, the failure to employ other counsel in the case would, under the circumstances, be excusable. It can readily be seen that the time was too short to enable other attorneys to

familiarize themselves with the law and facts and be prepared to properly present the case to the court. It is also apparent that the services of an attorney who had been present at the other trials of the case and was familiar with the testimony given thereat would be of great importance. The facts, we think, are sufficient to excuse the failure of the attorney to appear at the trial and to show that his failure to attend was not the result of any negligence on his part. We appreciate fully the suggestion of the hardship that would have resulted to the plaintiff from a postponement or continuance of the case and which will result from our reversal of it now; but, as stated by Judge Dunklin, in the case of Hovey v. Halsell-Arledge Cattle Co., 176 S. W. 899:

"Such hardships are frequently necessary incidents to the best system of judicial procedure and do not furnish the sole test in determining the merits, either of a motion to continue, or a motion for new trial. * * * The right of a party to a reasonable opportunity to appear in court upon the trial of a case and present his side of the controversy is fundamental. Of course, if he is given that opportunity and through negligence or willful omission fails to take advantage of it, he cannot be heard to complain. But, if such failure occurs by reason of circumstances which repel any presumption of negligence and which constitute an equitable excuse for such failure, then he has not forfeited his right to his day in court."

See, also, Hargrove v. Cothran, 54 Tex. Civ. App. 5, 118 S. W. 177; Hornbuckle v. Luther, 47 Tex. Civ. App. 352, 105 S. W. 995; Alexander v. Smith, 20 Tex. Civ. App. 304, 49 S. W. 916; Howard v. Emerson, 59 S. W. 49.

The judgment will be reversed, and the cause remanded.

⊚=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes