## TWO REPUBLICS OIL & GAS CO. et al. v. REISER et al. (No. 6881.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 7, 1923.)

1. **Continuance** ⊚⇒37—Allegations of application for continuance for illness of counsel held good as against general demurrer.

An application for a continuance on the ground that defendants' attorney of record was too ill to attend court, of which fact they were apprised the night before, and that they had been unable to obtain other counsel in time for the trial, and that the attorney who presented the application for continuance was unable to represent defendants further than to present the application, *held* sufficient to entitle defendants to present testimony to support the allegations of the application, which was good as against general demurrer.

2. **Continuance** ⊚⇒12—Defendants unable to obtain other counsel in time to present defenses entitled to continuance.

If defendants without negligence on their part, due to illness of their attorney, are deprived of a reasonable opportunity to procure counsel and to fully apprise them of their defenses in time to present the defenses upon the trial, they are entitled to a continuance.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Suit by L. A. Reiser and others against the Two Republics Oil & Gas Company and others, to cancel an oil and gas lease. From an adverse judgment, defendants appeal. Reversed and remanded.

Guinn & McNeill, of San Antonio, for appellants.

John A. Pope, Raymond & Pope, of Laredo, for appellees.

SMITH, J. The suit was brought by Reiser and another against the Two Republics Oil & Gas Company, alleged to be a joint-stock association, to cancel an oil and gas lease executed by the parties and covering land owned by Reiser and his associate. The cancellation was sought upon the ground that the contract was obtained by the fraud of the lessees. When the cause was called for trial the defendants applied for a continuance, the application for which was stricken out upon general demurrer, and the trial proceeded in the absence of appellants and their counsel. From an adverse judgment, appellants bring this appeal.

All of appellants' assignments of error are directed at the action of the court below in sustaining the general demurrer to the application for continuance. As the application was disposed of by general demurrer—which at best is always a hazardous resort—and not upon its merits, the question raised is one purely of law, does not involve the exercise of the usual wide discretion lodged with trial courts in such matters, and must be determined solely by the form and substance of the application itself, in connection with such facts as the court knew at the time from the record of the cause.

The first ground alleged in the application for continuance was that—

"They (defendants) say that their attorney of record herein, namely, T. F. Mangum, whom they employed to defend this suit, has represented to them that he is to sick to attend this court, or try this cause at this time (and so said Mangum informed affiant last evening), and that he is absent for that reason, and that they have been unable to secure the services of any other attorney and familiarize him with the many facts and details of the case in time for trial today, or any time soon, they having not known of their attorney's condition or inability to attend the trial hereof until yesterday, May 10, 1922, and that the attorney presenting this application was on last evening employed at San Antonio to present their application for continuance of this cause; that he is not familiar, nor did he know of this case until last evening, and is therefore wholly unable to try this case, and will not undertake to do so or act further than to present defendants' grounds for continuance, nor is he otherwise employed."

The effect of these allegations is a statement by the defendants that on the previous day they ascertained for the first time that their counsel would not be present or represent them in the trial of the cause at the time set for that purpose, and that they had been unable to procure other counsel and apprise him of their defenses, and thus procure representation in the trial of the cause at the time set. It appears elsewhere in the application that the principal defendants were out of the state, and had been for some time; that, although the cause had been on the docket nearly three years, it had never before been pressed for trial, and that this setting had been made only three days before, without the knowledge of said defendants. These facts, when all of them are considered together, and are admitted in the demurrer to be true, rendered it impossible, or at least impracticable, for said defendants, absent in distant states, to procure other counsel and place them in a position to intelligently defend a suit involving the apparently valuable rights and complicated questions indicated by the pleadings in this cause.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1, 2] We think the allegations in the application were sufficient to entitle the defendants below to present testimony to support them, and were good as against the general demurrer. Of course, if the demurrer had been overruled, and the court had heard evidence upon the application, then the questions presented would have been of fact to be determined by the court, whose judgment thereon would not be disturbed here unless a clear abuse of the wide discretion lodged in that court was shown. The right of litigants to be represented in the trial of causes is a valuable one, and the denial of a reasonable opportunity to procure such representation is fundamental. And, while the allegations in the application under consideration were rather general in their nature, they were sufficient to let in proof of the facts in detail, and present an issue of fact which might or might not warrant a continuance. If the defendants below, without negligence on their part, were deprived of a reasonable opportunity to procure counsel, and fully apprise them of their defenses, in time to present those defenses upon the trial of the cause, then they were entitled to a continuance, which was denied them. Modern Woodmen v. Floyd (Tex. Civ. App.) 218 S. W. 1085; Hovey v. Halsell (Tex. Civ. App.) 176 S. W. 897.

Appellee contends that the facts adduced upon the trial of the cause, and after the application for continuance was stricken out, were such as to render that disposition of the application immaterial, in that they showed that the defendants could not have successfully defended against the action in any event. But we cannot assume this to be true from the record made entirely upon an ex parte hearing, in which the defendants were prevented from taking any part, either in person or by counsel. If it be true, as appellees urge, that appellants could not have defeated appellees' suit had they been present in person and by counsel, then appellees cannot be materially injured by the delay occasioned by another trial; whereas, if in such case appellants could defeat the suit, then the injury to them resulting from affirmance would be irreparable, and a grave injustice would be done them.

The judgment will be reversed, and the cause remanded.