FARMERS' GAS CO. v. CALAME.   (No. 70.)

(Court of Civil Appeals of Texas. Waco. May 1, 1924. Rehearing Denied June 5, 1924.)

1. **Appeal and error** ⊚═742(7)—**Proposition that court erred in overruling motion for new trial sufficient, though based on several assignments of error.**

Complaint that court erred in overruling motion for new trial is a sufficient "proposition or point" to invoke a ruling from appellate court, notwithstanding it is based on and refers to three separate assignments of error having to do with a denial of a continuance for absence of counsel and an important witness, under rules 30, 32.

2. **New trial** ⊚═86—**Right to appear and be represented by counsel of own selection.**

Every litigant is entitled to his day in court, and his right to appear and be represented by counsel of his own selection, familiar with his cause, and judgment rendered where such right is denied will be set aside, in absence of negligence, on showing of meritorious defense.

3. **Evidence** ⊚═20(1)—**Matter of common knowledge that an attorney must have opportunity to review law and acquaint himself with facts before he is capable of discharging duties.**

It is a matter of common professional knowledge that ordinarily an attorney must have opportunity to review law and acquaint himself with facts which his client is prepared to prove, before he is capable of discharging duties of his employment in presenting his client's case, and in defending against case made by adversary.

4. **Continuance** ⊚═20(1)—**Court held to have abused discretion in denying continuance for absence of counsel.**

Court abused its discretion in denying continuance for absence of counsel on account of

prior conflicting engagements; there not being time to obtain another attorney acquainted with facts and law.

**5. Appeal and error ⟨key⟩257—Ruling denying continuance reviewed, though no exception taken.**

A ruling denying motion for' a continuance presented by attorney, acting on behalf of defendant's attorney, but not employed by defendant, will be reviewed, though no exception was reserved, where it appeared from court's qualification of bill of exceptions that he understood that his action in overruling motion was not acquiesced in, and that a review of whole matter was contemplated on motion for new trial.

**6. New trial ⟨key⟩97—Application for continuance not condition precedent to right to new trial on account of absence of attorney.**

While it was proper for defendant's attorney to advise court under oath that his absence was unavoidable, and to send a personal representative to present such affidavit to court and make personal appeal for relief, such action was not condition precedent to defendant's exercise of right to insist on new trial on account of unavoidable absence of attorney.

**7. Continuance ⟨key⟩20(1)—General denial held sufficient predicate for motion for new trial on ground of unavoidable absence of attorney.**

General denial in a negligence case was a sufficient predicate for defendant's motion for new trial for unavoidable absence of attorney and refusal of continuance therefor, where plaintiff predicated his case on negligence in matter of material and workmanship employed in construction of natural gas distributing plant and improper inspection during operation; defendant being entitled under general denial to prove affirmatively that material and workmanship used in construction were of the best, and that it had made proper inspection, notwithstanding Rev. St. art. 1917, requiring filing of defense before application for continuance.

Appeal from District Court, Freestone County; A. M. Blackman, Judge.

Suit by the Farmers' Gas Company against Gillie B. Calame. Judgment for plaintiff, and defendant appeals. Reversed and remanded for another trial.

Karl F. Griffith, of Dallas, for appellant.
Williford & Geppert, of Fairfield, for appellee.

GALLAGHER, C. J. Gillie B. Calame, appellee herein, instituted this suit in the district court of Freestone county on March 13, 1923, against Farmers' Gas Company, appellant herein, to recover damages in the sum of $6,500 for the destruction by explosion and fire of his gasoline filling station and his stock of oil, gasoline, and auto accessories in said station, situated in Wortham, Tex. Appellee alleged that the appellant was engaged in supplying natural gas to the inhabitants of said town, and that said explosion and fire and the resulting damage was caused by gas which escaped from appellant's mains in close proximity to said station. Appellee predicated his right to recover the damages sued for on the following acts of negligence charged against appellant, to wit: (1) That appellant's gas main or pipe line had not been constructed of proper materials. (2) That appellant's gas main or pipe line had not been constructed in a workmanlike manner. (3) That appellant failed to make proper inspection of its natural gas distributing plant, pipes, and mains, and also failed to make proper repairs thereto. Appellant answered appellee's petition by a general denial.

There are two district courts in Freestone county, having concurrent jurisdiction in civil cases. It appears that this case was filed to the April term of the Eighty-Seventh district court of said county. Appellant's answer was filed therein on April 2, 1923. It also appears that the case was transferred from said court to the Seventy-Seventh district court of said county. That court met on Monday, May 7, 1923, and remained in session until June 2, 1923. Appellee claims that said transfer and the resulting delay was at the instance of appellant's attorney and for his accommodation, and with notice that appellee would insist upon a trial at said May term.

Mr. Karl F. Griffith, who resided in Dallas, Tex., was the regularly employed attorney representing appellant generally, and he was also specially employed to represent it in this suit. He was the only attorney representing appellant at and prior to the trial of this case. On May 8, 1923, Mr. Spiller, one of the attorneys for appellee, notified Mr. Griffith that the case had been set for trial on May 15, 1923. Mr. Griffith immediately advised Mr. Spiller that it was absolutely impossible for him to attend said court to try said case on that date, or on any day that week, on account of prior and conflicting engagements which required him to be at and to try cases in other courts during the whole of said week. He disclaimed any purpose to delay appellee in securing a trial, and promised, if the case were set for the last week of the term, to be present and ready to try the same. Mr. Spiller agreed to take the matter up with the court and see if such setting could be secured. On May 12, 1923, Mr. Spiller notified Mr. Griffith that the court had refused to reset the case as requested, and that the trial of the same on May 15th would be insisted upon. Mr. Griffith again advised him that it was impossible for him to be present at said date, and that he would file a motion for a continuance, setting up the facts. Appellant on March 15, 1923, filed in said cause its application

for continuance, duly verified by its said attorney, which application was in part as follows, to wit:

"That it cannot safely go to trial at this present term of court for the reason that its attorney of record, Karl F. Griffith, on May 15, 1923, will be engaged in the trial of a case in the district of Stevens county, Oklahoma; that on May 16, 1923, said attorney will be engaged in the trial of a case in the district court of Dallas county, Texas; and that, commencing May 17, 1923, said attorney will be engaged in the trial of a case in the district court of Stevens county, Texas, which case will consume the remainder of said week. Defendant would further show that all the above cases were set for trial prior to the setting of this instant case."

Said application also set up the absence of a material witness as a reason why appellant could not safely go to trial at that time. This feature of the motion will be referred to hereafter. Said application was presented to the court by Mr. Hall, an attorney at law, who advised the court at the time that he represented Mr. Griffith personally and that he did not represent appellant. The court overruled said motion, and permitted appellee to proceed to try the case, and appellee did try the case ex parte before the court without a jury. The court rendered a judgment in favor of appellee against appellant for the sum of $4,000. Appellant filed a motion for a new trial, which was overruled. The case is before us for review on appeal.

Appellant, in its motion for new trial, by separate and appropriate paragraphs, set out as grounds therefor the action of the court in overruling its application for a continuance, the unavoidable absence from the trial of its counsel, and the absence of its said witness. It also alleged therein that it had a meritorious defense to plaintiff's suit, stating the nature and elements of the same, and further alleged that the court, in refusing its application for a continuance, had unintentionally abused its discretion. Each of said paragraphs is copied in the appellant's brief as a separate assignment of error. Based on said assignments, appellant submits two propositions as grounds for the reversal of the judgment appealed from. Said propositions are as follows:

"(1) The trial court erred and abused its discretion in overruling appellant's application for a continuance in view of the fact that said application showed that appellant's only attorney, and the one who had familiarized himself with this case, would be unable to try this case at the time set for trial, due to prior engagements in other courts.

"(2) It was error on the part of trial court to overrule appellant's motion to vacate its judgment, to reopen the case, and to grant a new trial herein when appellant showed that it had been denied its day at court due to the unavoidable absence of its only attorney, and its material witness, Elmer F. Schmidt, and when appellant showed in addition thereto that it had a meritorious defense to the suit."

[1] Appellee objects to the consideration of appellant's second proposition, on the ground that it is multifarious. The authorities cited and relied on by appellee to sustain his contention apply in terms to assignments of error. Appellant's assignments of error upon which said proposition is based are several and distinct, and, tested by the authorities cited and relied on by appellee, are sufficient. Appellant states in a parenthesis at the end of said proposition that it is germane to the second, third, and fourth assignments of error. Such assignments are copied in appellant's brief, as required by rule 32. Rule 30 requires that the propositions and points upon which the appeal is predicated shall be stated separately and shall be germane to one or more of the assignments so copied in the brief. We think that a complaint that the court erred in overruling a motion for new trial is a sufficient "proposition or point" to invoke a ruling from this court, notwithstanding it is based on and refers to three separate assignments of error.

[2] The real issue in this appeal is presented by appellant's second proposition above quoted, and its first proposition will be considered merely as incidental and subsidiary thereto. Every litigant is entitled under our Constitution and laws to his day in court before he is adjudged to suffer either in his person or his property. His right to appear and be represented at such hearing by counsel of his own selection, familiar with his cause, is a very valuable right. The unwarranted denial of such right has been held to be fundamental error. Two Republics Oil & Gas Co. v. Reiser (Tex. Civ. App.) 247 S. W. 910; Hovey v. Halsell-Arledge Cattle Co. (Tex. Civ. App.) 176 S. W. 897, 900. If a defendant in a case, without negligence or fault on his part, is deprived of such right and his case tried ex parte, and judgment rendered against him, such judgment, on timely motion showing that his failure to be represented at such trial was without fault or negligence, and that he has a meritorious defense, should be set aside. Goodhue v. Meyers, 58 Tex. 405; Cowan v. Williams, 49 Tex. 380, 396, 397; Harris v. Musgrave, 72 Tex. 18, 21, 9 S. W. 90; Apache Cotton Oil & Mfg. Co. v. Watkins & Kelly (Tex. Civ. App.) 189 S. W. 1083, 1085; Hovey v. Halsell-Arledge Cattle Co., supra; Fitzgerald v. Wygal, 24 Tex. Civ. App. 372, 59 S. W. 621; Modern Woodmen v. Floyd (Tex. Civ. App.) 218 S. W. 1085; Hargrove v. Cothran, 54 Tex. Civ. App. 5, 118 S. W. 177; Hornbuckle v. Luther, 47 Tex. Civ. App. 352, 105 S. W. 995; Howard v. Emerson (Tex. Civ. App.) 59 S. W. 49; Alexander v. Smith, 20 Tex. Civ. App. 304, 49 S. W. 916.

In many of the cases above cited, the absence of the attorney selected and relied upon by the defendant to represent him in the case, and prepared to do so, was caused by sudden sickness, incapacitating such attorney from attending the trial and from participating therein. Sickness, however, is not the only cause sufficient to excuse the absence of such attorney. A reasonable misunderstanding as to the setting of the case, or unexpected delays in travel, have been held sufficient. Holliday v. Holliday, 72 Tex. 581, 585, 10 S. W. 690; Fitzgerald v. Wygal, supra; Alexander v. Smith, supra. The fact that the sole attorney employed and relied upon and prepared to try the case was actually engaged in trial in another court, or was required by his obligations to other clients to attend at another and different court, and to try cases therein, if required to do so, such cases having been set prior to the setting of the case the trial of which such attorney is unable to attend, has been properly held sufficient to excuse his absence from such latter trial, and to acquit him of negligence or willful omission. Modern Woodmen v. Floyd, supra; Hovey v. Halsell-Arledge Cattle Co., supra; Apache Cotton Oil & Mfg. Co. v. Watkins & Kelly, supra; Two Republics Oil & Gas Co. v. Reiser, supra; Kansas City, M. & O. Ry. Co. v. Imboden (Tex. Civ. App.) 176 S. W. 900; Watkins v. Ahrens & Ott Mfg. Co. (Ky.) 38 S. W. 868.

[3, 4] What notice in advance of an irreconcilable conflict in engagements on the part of the only attorney for the defendant in a particular case will require such attorney to abandon his employment and retire from the case and notify his client to secure substitute counsel, and the measure of diligence required of such attorney in ascertaining such condition and acting thereon, necessarily depend largely on the facts of each particular case. The court in which this case was tried met on the 7th day of May. The case was set for May 15th, and on May 8th the attorney for appellant received notice of such setting. He immediately notified appellee's attorney that prior conflicting engagements made it impossible for him to try the case on that day, or at any time during the remainder of that week, but, disclaiming any purpose to delay a trial, offered to be ready for trial if the case were reset during the latter part of the term. According to the testimony of Mr. Griffith, appellee's said attorney stated "that he would take the matter up with the court and obtain a special setting of the case during the criminal weeks" (the last two weeks being devoted to criminal matters), doubtless anticipating no difficulty in securing such setting. There is nothing in the record to indicate that appellant's attorney did not have reasonable grounds to anticipate that such later setting could and would be secured. Meanwhile appellant's president, who was a material witness in its behalf, left on very important business outside the state. He in fact returned in time for a trial of the case during the latter part of the term, as promised by appellant's attorney. On Saturday, May 13th, appellant's attorney was advised for the first time that the deferred setting of the case so anticipated could not be secured. His engagements required him to be in Oklahoma ready for trial the following Tuesday morning.

Appellant is a joint-stock association and sued as such. Its affairs were managed by a board of trustees, who resided in Dallas. Its president and executive officer was out of the state, as above shown. The accident upon which this suit is based occurred at Wortham, at which point the witnesses in charge of appellant's plant at the time of such accident resided. Wortham is about 75 miles from Dallas and 16 or 18 miles from Fairfield, the county seat of Freestone county. where the case was tried. Fairfield is about 100 miles from Dallas and is without railroad connection. The issue here presented is whether under these circumstances appellant's attorney should have abandoned his employment and retired from the case, and so notified his client, thereby requiring his client to make such arrangements for representation by attorney as it could, and to go to trial with such evidence as it had at hand, without in all probability any opportunity on the part of such newly employed attorney to confer with the retiring attorney or to properly acquaint himself with either the law or the facts in the case, or whether appellant's counsel was justified in relying on a personal appeal to the court by putting the facts in a verified motion for continuance and sending the same by a personal representative to present the same to the court and to make in his behalf such appeal for relief. We fully recognize that the plaintiff in a case has a right to a reasonably speedy trial, but we also recognize the fact that the defendant has an equal right to a reasonable opportunity to have his case presented by an attorney of his own selection, who has had an adequate opportunity to properly prepare to present the same. It is a matter of common professional knowledge that ordinarily an attorney must have opportunity to review the law, and acquaint himself with the facts which his client is prepared to prove, before he is capable of discharging the duties of his employment in presenting his client's case to the court and in defending his client against the case made by his adversary. Representation in the trial of a case by an attorney who has not had such opportunity places a party at a serious disadvantage.

We have discussed the situation from the standpoint of the defendant. The plaintiff in a case is differently situated. If he fails to appear, the most a court can do is to dismiss his suit without prejudice. To try his case

in his absence and render judgment against him is affirmative error. Parr v. Chittim (Tex. Com. App.) 231 S. W. 1079. If the court errs in postponing or continuing a case, the plaintiff will ordinarily suffer no injury save delay. On the other hand, if the court refuses to postpone or continue and tries the case ex parte, the defendant therein will in many cases in all probability suffer an excessive or unjust judgment. Of course a claim of conflicting engagements should not be permitted to be used as a mere pretext to secure delay or to cover a negligent failure to properly secure an attorney and prepare for trial, nor a negligent failure on the part of the attorney secured to attend and participate in such trial. The possibilities of imposition by the assertion of such claim are so great that courts require a very strict showing. The evidence in this case shows affirmatively not only that conflicting engagements existed, but that they were prior engagements and that they were important, and that appellant's attorney actually attended the same and was actually engaged therein and detained thereby during practically the whole of said week. We do not think that the failure of appellant to be represented on the trial of this case was due to negligence or to willful omission on the part of its attorney or itself.

[5, 6] Appellant's motion for a continuance was presented to the court by an attorney acting for and on behalf of Mr. Griffith, the regular attorney for appellant, but who was not employed by and did not represent appellant. Such attorney did not reserve a formal exception to the action of the court in refusing to continue or postpone the case. The court explained and qualified the formal bill of exceptions tendered by appellant in part as follows:

"No evidence was tendered in support of the allegations contained in said motion, whereupon the court, feeling the plaintiff was entitled to a trial, overruled defendant's motion, but stated to the attorney representing Mr. Griffith that the court would, if defendant desired, hear and consider all the defendant's testimony on a motion for new trial, in the event of judgment being rendered for plaintiff."

In view of this explanation, we think it clear that the court understood that his action in overruling such motion was not acquiesced in and that he contemplated a review of the whole matter on motion for a new trial, and that said attorney so understood. While it was proper for appellant's attorney to advise the court under oath that his absence was unavoidable, and to send a personal representative to present such affidavit to the court and make a personal appeal for relief, such action was not a condition precedent to appellant's exercise of its right to insist upon a new trial on account of such unavoidable absence of its attorney. In Modern Woodmen v. Floyd, supra, and in

Hovey v. Halsell-Arledge Cattle Co., supra, the absent attorney advised the court of his situation by letter. No exception to the action of the court in proceeding to trial in the absence of such attorney was reserved in either case, but each of said cases was reversed because of the failure of the court to grant a new trial on account of such absence.

[7] Appellee contends that appellant was not entitled to have its motion for a continuance considered, because it had filed no pleadings, except a general denial, which, appellee contends, was insufficient to constitute a defense within the meaning of Revised Statutes, art. 1917, which provides that "no application for a continuance shall be heard before the defendant files his defense." Whether a general denial is such pleading as will permit the introduction of affirmative evidence depends upon the nature of plaintiff's case and the character of evidence relied upon to rebut the same. Appellee predicated his case upon certain charges of negligence on the part of appellant in the matter of material and workmanship employed in the original construction of its plant, and in the matter of proper inspection of the same after its construction and during its operation. Appellant's general denial put each of said charges in issue. Under such pleading appellant was entitled, not only to deny such allegations, but to also prove affirmatively, if it could, that the material and workmanship used in the construction of its plant was the best, and that it had met every requirement of legal duty in the way of inspection. Tisdale v. Mitchell, 12 Tex. 68, 70; Altgelt v. Emilienburg, 64 Tex. 150; Willis v. Hudson, 63 Tex. 678, 682; G., H. & S. A. Ry. Co. v. Henry & Dilley, 65 Tex. 685, 689. Appellant, on the hearing of its motion for new trial, in support of its allegation of a meritorious defense, introduced affirmative evidence tending to show such facts. Such evidence would have been admissible under its answer, notwithstanding the same consisted merely of a general denial. Such answer was a sufficient predicate for appellant's motion for new trial on the ground of the unavoidable absence of its attorney.

The motion for new trial was overruled on the 2d day of June. Another term of the Eighty-Seventh district court of Freestone county was required by law to open on the first Monday in July following. We have reached the conclusion that the absence of appellant's attorney was unavoidable, and that under all the circumstances he was justified in appealing to the court to continue or postpone the trial, instead of retiring from the case and abandoning his employment, and that the court erred in refusing said motion for a new trial, in so far as the same was based on such unavoidable absence.

The judgment appealed from is therefore reversed, and the cause is remanded to the district court for another trial.