A. Brandt Upholstering Company, a corporation, sued C. C. Peters, of Fort Worth, Tarrant county, for debt in the sum of $258. The debt arose out of the sale by the plaintiff to defendant of certain chairs and also the upholstering of other chairs.
The suit was on a verified account. The judgment was for plaintiff in the sum of $259.37, being principal and interest. Defendant, Peters, did not appear. Later he filed his motion for a new trial, setting up the fact that he was not able to be present at the trial on account of sickness, but he did not state in said motion that he had a good defense to the suit.
 Opinion.
Appellant has cited under his first proposition, directed to the failure of the trial court to grant a new trial, three authorities, *Page 410 
to wit, Presidio Cotton Gin Oil Co. v. Dupuy (Tex.Civ.App.)2 S.W.2d 341; Hepburn v. Bank (Tex.Civ.App.) 34 S.W. 988; Hargrove v. Cothran, 54 Tex. Civ. App. 5, 118 S.W. 177. In each of these cases, which we have read, it is specifically noted that in the motion for a new trial the defendant alleged that he had a good defense if he had been allowed to interpose it.
The second proposition is that the court erred in rendering judgment against the defendant for the reason that the petition as filed does not state a cause of action against the defendant and does not state a breach of contract on his part. The petition does state that at the instance and request of defendant plaintiff sold and delivered to defendant certain furniture and did upholstering work and made other repairs on furniture for him; that said indebtedness has been long past due and payment thereof has been often demanded and no part of the same has been paid. We think this states a cause of action.
In 18 Corpus Juris, § 23, page 14, it is said: "The declaration must show that the sum due has not been paid."
In 8 Corpus Juris, § 1156, under the title of "Bills and Notes," it is said: "Non-payment by defendant of the instrument on which the action is brought, in whole or in part, must be averred. * * * The fact of non-payment will be deemed to be sufficiently shown, if facts are stated from which the default of the adverse party, and that there is an indebtedness from him to plaintiff, can fairly be inferred."
We think said assignments should be overruled and the judgment affirmed.